171 N.J. Super. 58 (1979)
407 A.2d 1265
DONALD STREETER AND ANNE STREETER, HIS WIFE, PLAINTIFFS,
v.
HENRY HEIDE INCORPORATED, A NEW YORK CORPORATION, AND JOHN DOE, DEFENDANTS. HENRY HEIDE INCORPORATED, DEFENDANT AND THIRD-PARTY PLAINTIFF-APPELLANT,
v.
BURGMEYER BROTHERS INC. AND TRANSPORT INSURANCE CO., THIRD-PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1979.
Decided October 26, 1979.
*59 Before Judges FRITZ, KOLE and LANE.
Mr. John Zen Jackson argued the cause for appellant (Mr. John J. Scanlon, attorney and on the brief).
Mr. William T. Connell argued the cause for respondents (Dwyer, Connell & Lisbona, attorneys; Mr. Albert C. Lisbona on the brief).
PER CURIAM.
Plaintiff Donald Streeter sought to recover damages against Henry Heide Incorporated for personal injuries sustained when he was injured while a truck driver for Burgmeyer Brothers, Inc., as he was preparing a loading platform to load a shipment at Henry Heide Incorporated's premises. The complaint alleges that a spring-loaded docking plate malfunctioned and struck plaintiff. It charges Henry Heide Incorporated with breach of warranty that the machine was fit for the use and purpose intended and with negligence. When a truck is backed to the Heide loading platform, a spring loaded docking plate is supposed *60 to fall into place joining the truck and the dock. At the time of plaintiff's accident the docking plate stuck. As was the custom, plaintiff attempted to trip the plate and in doing so received his injuries.
Heide filed a third-party complaint against the owner of the truck and its truck owners' liability insurance carrier, claiming to be an additional insured under the policy because the accident occurred when Heide was using the truck for loading.
The Law Division granted the motion of Burgmeyer Brothers, Inc. and Transport Insurance Co. for summary judgment. The issue before the court on the motion was whether there was coverage for Heide under the loading and unloading provision of the policy. Heide should have cross-moved for summary judgment. It did not do so. We will assume that it did. No application was made for leave to appeal from this interlocutory order. R. 2:2-3 and R. 2:5-6. In view of the fact that the future defense of Heide will depend upon the action which we take, we grant leave to appeal nunc pro tunc. We reverse.
The Transport Insurance Co. policy contained the same provisions as the policy in F & M Schaefer Brewing Co. v. Forbes Food Div., 151 N.J. Super. 353, 356 (Law Div. 1977). In Bellafronte v. General Motors Corporation, 151 N.J. Super. 377, 381-383 (App.Div. 1977), certif. den. 75 N.J. 533 (1977), it was held that in view of N.J.S.A. 39:6-46(a), to be an additional insured under the loading and unloading provision of that policy one did not have to be a lessee or borrower of the vehicle.
In construing the loading and unloading provision New Jersey applies the "complete operation" doctrine. The proper approach is to consider "whether the accident was, within reason, causally connected with the complete operation of unloading the * * * truck." Drew Chem. Corp. v. Amer. Fore Loyalty Group, etc., 90 N.J. Super. 582, 591 (App.Div. 1966). Without the lowering of the docking plate to connect the truck with the loading platform, there could be no loading of the *61 truck. It is perfectly obvious that the placement of the docking plate was an integral part of the loading operation.
The insurance company argues that even though that may be true, there could be no coverage here because no employee of Heide was involved in the accident, and, hence, in that sense Heide was not "using" the truck. That argument is not correct. Since the installation of the docking plate was essential to the loading of the truck and the installation was provided for by Heide, Heide was in fact using the truck for loading. The acts alleged to have caused the accident were, therefore, causally connected with the complete operation of loading. Cenno v. W. Virginia Paper & Pulp Co., 109 N.J. Super. 41, 47 (App.Div. 1970), certif. den. 56 N.J. 99 (1970).
We reverse the order for summary judgment and direct that an order for summary judgment be entered by the trial court in favor of Heide against Transport Insurance Co. providing that Heide is an additional insured under its policy in connection with the accident referred to in the complaint.