205 N.J. Super. 263 (1985)
500 A.2d 752
JOAN NEUMAN, PLAINTIFF,
v.
WAKEFERN FOODS, D/B/A SHOP RITE OF ELIZABETH AND "ABC CORPORATION" (NAME BEING FICTITIOUS AND UNKNOWN), DEFENDANTS, AND WAKEFERN FOODS, D/B/A SHOP RITE OF ELIZABETH, DEFENDANT-THIRD-PARTY PLAINTIFF-APPELLANT,
v.
HENRY WILLIAM NEUMAN, HUGHES REFRIGERATED EXPRESS AND AMERICAN MUTUAL INSURANCE COMPANIES, THIRD-PARTY DEFENDANTS, AND INTEGRITY INSURANCE COMPANY, THIRD-PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1985.
Decided November 15, 1985.
*264 Before Judges FURMAN and PETRELLA.
Murray A. Klayman argued the cause for third-party plaintiff-appellant (Philip M. Lustbader and David Lustbader, attorneys; Murray A. Klayman on the brief).
William C. Bochet argued the cause for third-party defendant-respondent (Muscarella, Hirschklau, Bochet, Feitlin, Trawinski & Edwards, attorneys; William C. Bochet on the brief).
No one appeared or filed briefs on behalf of any other party.
PER CURIAM.
Wakefern Foods (Wakefern), doing business as Shop Rite of Elizabeth, appeals from an order denying it insurance coverage under an automobile liability policy issued by third-party defendant Integrity Insurance Company (Integrity) to Hughes Refrigerated Express (Hughes) and covering a truck making a delivery to Wakefern's premises. We affirm.
Plaintiff Joan Neuman, an employee of Hughes, sued Wakefern and "ABC Corporation," the fictitious name of the manufacturer of an electric hand truck, for personal injuries she received when struck by that hand truck, which was being operated on Wakefern's premises by her co-employee husband, Henry Neuman. Her complaint alleged that Wakefern was negligent with respect to "ownership, operation, maintenance, and control" of the hand truck and with respect to the premises involved. The complaint also alleged that the hand truck was defective, and that Wakefern failed to make it safe for its intended use.
*265 Wakefern, insured by its own liability carrier, California Union Insurance Company (California Union), contends in its third-party action that Integrity is responsible for primary coverage of plaintiff's injuries under the loading and unloading provisions of its policy covering the vehicle.[1] Wakefern also contends that the coverage provided by Integrity is primary coverage, while California Union provides only excess coverage.
The trial judge essentially decided the matter on the moving papers as a question of law. On a motion to reconsider his ruling he noted that there was no materially different factual version of the events as related in depositions by Joan and Henry Neuman, and that the only point of difference was a suggestion in Henry's deposition that the accident occurred prior to his beginning to unload the truck when he was straightening up the loading dock area because there were pallets in the way. The judge concluded that the result would have been the same whether the injury occurred because of the condition of the loading platform or because of the condition of the hand truck. Henry described the accident as occurring while he was operating what is referred to as an "electric hand truck" or jack which has a fork lift capability. He said he was driving the jack toward the pallets and brought the control handle forward in an upright position to stop the hand truck. Joan and Henry both indicated that the machine did not stop when the handle was pushed to the stop position.
The trial judge held that Wakefern was not covered under Integrity's policy because the alleged negligence relating to the condition of the hand truck was analogous to negligent maintenance of the loading platform. He relied on Wakefern Food Corp. v. Gen'l Acc. Group, 188 N.J. Super. 77 (App.Div. 1983) and Atlantic Mut. Ins. Co. v. Richards, 100 N.J. Super. 180 (Ch.Div. 1968), aff'd o.b. 105 N.J. Super. 48 (App.Div. 1969).
*266 At oral argument before us appellant's counsel essentially conceded that the cause of plaintiff's injury was some defect regarding the hand truck. Nothing in the record indicates to the contrary. Wakefern argues that because the injury occurred while Henry was using an electric jack provided by Wakefern in order to unload the truck, that the loading and unloading coverage of the policy applied. Wakefern relies on Streeter v. Henry Heide Inc., 171 N.J. Super. 58 (App.Div. 1979), and certain federal court decisions. In Streeter we held that use of a negligently installed spring-loaded docking plate was covered by the loading and unloading provisions of the vehicle's insurance policy. Streeter is distinguishable, however, because the use of that plate was essential to the loading process. Moreover, the current state of our law regarding the responsibility of the owner of the premises is as more recently stated in Wakefern Food Corp. v. Gen'l Acc. Group, supra. The cases from other jurisdictions[2] upon which Wakefern relies are neither persuasive nor representative of our current law.
The record here indicates that the accident and plaintiff's injuries resulted from a conceded defect in the electric hand truck, perhaps due to improper design or improper maintenance. That defect was not directly dependent on the loading or unloading of the Hughes truck. What occurred is more analogous to the independent negligence of the owner of the premises regarding maintenance of the loading platform. We thus conclude that the accident here fell within the coverage of California Union's policy. Wakefern Food Corp. v. Gen'l Acc. Group, supra (188 N.J. Super. at 83-84) and Atlantic Mut. Ins. Co. v. Richards, supra (100 N.J. Super. at 185).
We repeat what we said in Wakefern Food:

*267 We feel constrained to observe pragmaticably that declaratory judgment suits like the present one are, by large measure, solely between an automobile insurance carrier and a general liability carrier who covers the premises and operations liability of a business to whom goods are delivered or from whom goods are taken. One of the purposes for which the latter coverage is purchased is to protect the business operator from the risk of liability to his invitees resulting from the negligent maintenance of his premises. `Use' provisions and `loading and unloading' clauses are intended to protect the named insured and others who, in the pick-up or delivery process, are actually using the motor vehicle and its contents during the `complete operation.' When an accident, such as the one here presented, is occasioned by negligent maintenance of the premises and the only connection to that event is the fact that the motor vehicle and its operator are present because a delivery or pick-up is to be made, no realistic social or public policy is served by straining to shift coverage. Moreover, no reasonable contractual expectations are disappointed or denied and the `reasonable contemplation of the parties' mentioned in Drew, [Chemical Corp. v. American Fore Loyalty Group] supra 90 N.J. Super. [582] at 587 (App.Div. 1966)], is hardly placed at hazard. [188 N.J. Super. at 86-87].
In view of our determination it is not necessary for us to decide whether Integrity's policy provides primary coverage and whether California Union's policy provides only excess coverage here because the latter has a $10,000 self-insurance provision.[3] Respondent correctly points out, however, that the placement of the pages of the incomplete and rather extensive California Union policy in Wakefern's appendix appears misleading because it suggests a proximity between the "other insurance" clause relied on by Wakefern and the general liability endorsement. The "other insurance" clause, in our view, does not relate to the general liability portion of the policy, but rather relates only to the first-party coverage provided for "All risks of physical loss or damage" to property, and not to liability coverage. Our attention has not been directed to any different "other insurance" clause applicable to California Union's general liability endorsement. Hence, the "other insurance" provisions of Integrity's policy would have been applicable, *268 except for the fact that Integrity's policy does not provide primary coverage here.
Affirmed.
NOTES
[1] Wakefern dismissed its claim against American Mutual Insurance Companies. It is represented that plaintiff's claims were settled for $40,000, and the only issue unresolved is Wakefern's contention in its third-party complaint.
[2] See, e.g., McDaniels v. Great Atlantic & Pacific Tea Co., 602 F.2d 78 (5th Cir.1979); Travelers Ins. Co. v. Employers' Liab. Assurance Corp., Ltd., 367 F.2d 205 (4th Cir.1966); Federal Ins. Co. v. Michigan Mut. Liability Co., 277 F.2d 442 (3d Cir.1960).
[3] This could also be considered a deductible. See Am. Nurses Ass'n v. Passaic Gen. Hosp., 192 N.J. Super. 486, 491 (App.Div. 1984), mod. 98 N.J. 83 (1984).