■ In the Matter of AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v SAYED M. ABDELGHANY, Respondent, et al., Respondents.—In a proceeding to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals

from an order of the Supreme Court, Kings County (Held, J.), dated October 24, 1989, which (1) granted the application of Sayed M. Abdelghany (a) for renewal of his opposition to the petitioner's application to permanently stay arbitration, and (b) to vacate a decision of the same court dated December 22, 1988, directing the parties to settle an order granting the application to permanently stay arbitration, and (2) upon renewal, denied the petitioner's application to permanently stay arbitration.

Ordered that the order is affirmed, with costs payable to Sayed M. Abdelghany.

The respondent Sayed M. Abdelghany, a New York resident, was involved in an accident while driving a car in New Jersey. The petitioner American Transit Insurance Company (hereinafter American Transit) had issued a policy of insurance to Abdelghany which was in effect at the time of the accident. Since the other vehicle involved in the accident was reported stolen, Abdelghany sought to recover under the uninsured motorist endorsement of his policy with American Transit. When Abdelghany demanded arbitration of his claim, American Transit responded with a motion for a stay of arbitration on the ground that the uninsured motorist endorsement did not provide coverage for an accident occurring in New Jersey. In a memorandum decision dated December 22, 1988, the Supreme Court, citing the Court of Appeals decision in *Matter of Sentry Ins. Co. (Amsel)* (36 NY2d 291), stated that since the policy in question expressly limited uninsured motorist coverage to accidents occurring in New York State and because Insurance Law § 3420 (f) (1) "requires no more", the policy issued to Abdelghany did not provide uninsured motorist coverage for the accident which occurred in New Jersey, and therefore, that the petitioner was entitled to a permanent stay of arbitration. Thereafter, Abdelghany moved for renewal of his opposition to the petitioner's application for a permanent stay of arbitration on the ground that Insurance Law § 5103 (e) mandates that the uninsured motorist endorsement be given effect in New Jersey. By order dated October 24, 1989, the Supreme Court granted renewal and vacated the December 22, 1988, memorandum decision upon its finding that the uninsured motorist provision of the New York policy applied in New Jersey. Accordingly, the court denied American Transit's petition to permanently stay arbitration. We agree.

New York's Insurance Law § 5103 (e) directs that every required policy of automobile liability insurance provide bene-

fits at least in the minimum amount prescribed by the law of any state in which the vehicle is operated. Supplementing the statutory language is a regulation of the Superintendent of Insurance which mandates that every policy shall provide at least the minimum amount and *kind* of coverage which is required for such vehicle in any other state and that any policy which does not include a provision to this effect shall be deemed to so provide *(see,* 11 NYCRR 60.1 [e]; *Allcity Ins. Co. v Williams,* 120 AD2d 1).

New Jersey law mandates that no motor vehicle liability policy be issued in that State without uninsured motorist coverage *(see,* NJ Rev Stats § 17:28-1.1). Pursuant to Insurance Law § 5103 (e) and the regulations of the Superintendent of Insurance requiring that a New York policy of insurance is deemed amended to afford the amount and "type" of coverage applicable under New Jersey law *(see, Allcity Ins. Co. v Williams,* 120 AD2d 1, *supra),* the minimum coverage required by New Jersey must be read into the New York policy. We come to this conclusion particularly in light of the financial burdens and sanctions placed upon out-of-state drivers who have accidents in New Jersey and lack an automobile liability policy which provides uninsured motorist coverage *(see, Country-Wide Ins. Co. v Rodriguez,* 55 NY2d 162; NJ Rev Stats § 39:6-25). Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.