■ ATLANTIC MUTUAL INSURANCE COMPANY, Respondent, v MARVIN FINKER, Appellant.

This action arises out of an automobile accident in New Jersey. Respondent, a resident of New York, was a passenger in a vehicle owned and operated by a New York resident. Respondent carried uninsured motorist coverage under a New York policy. Respondent alleged that the car in which he was riding was cut off by another, unidentified, vehicle which, despite the absence of contact, caused his car to leave the road and overturn. New York Insurance Law § 5217 requires physical contact with another vehicle as a condition precedent for recovery under an uninsured motorist provision. This Court consistently has applied this requirement to out-of-State accidents involving a New York endorsement *(Matter of Aetna Cas. & Sur. Co. v Smith,* 100 AD2d 751, 752), regardless of the requirement in Insurance Law § 5103 (e) that every automobile liability insurance policy provide benefits at least in the minimum amount required by the law of any other State. We have held to this same requirement for recovery under a New

York uninsured motorist policy regardless of the fact that an accident occurred in New Jersey *(Matter of Allstate Ins. Co. [Walsh],* 115 Misc 2d 907, *affd* 99 AD2d 987), which does not require actual contact between the vehicles. In so affirming, we are not unmindful of a contrary result reached by the Second Department *(Allcity Ins. Co. v Williams,* 120 AD2d 1). Application for leave to appeal to the Court of Appeals is granted. Concur—Sullivan, J. P., Kupferman, Ross and Kassal, JJ.