OPINION OF THE COURT
 

 Hancock, Jr., J.
 

 The question in these proceedings to stay arbitration is whether Insurance Law § 5103 (e) and the implementing Insurance Department regulation (11 NYCRR 60-1.1 [e]) require that every New York automobile insurance policy must provide the minimum uninsured motorist coverage mandated by the law of another State when the insured automobile is involved in an accident in that State. We conclude that New York law requires such coverage. Accordingly, the order of the Appellate Division in
 
 Matter of American Tr. Ins. Co. v Abdelghany
 
 (173 AD2d 611) should be affirmed and the order of the Appellate Division in
 
 Atlantic Mut. Ins. Co. v Finker
 
 (179 AD2d 575) should be reversed, and the petition dismissed.
 

 Matter of American Tr. Ins. Co. v Abdelghany
 

 Respondent Sayed Abdelghany, a New York resident, was involved in an automobile accident with an uninsured motor vehicle in New Jersey. At the time of the accident, Abdelghany’s car was insured in New York under a policy issued by American Transit Insurance Co. (ATIC) which contained the standard provision limiting uninsured motorist coverage to "accidents which
 
 occur within the State of New York”
 
 (emphasis added). After ATIC denied coverage for the out-of-State accident, Abdelghany demanded arbitration. ATIC then commenced this proceeding to stay arbitration. Supreme Court, relying on this Court’s decision in
 
 Matter of Sentry Ins. Co. (Amsel)
 
 (36 NY2d 291), originally granted the petition. Upon Abdelghany’s motion to renew and vacate, however, Supreme Court granted renewal, vacated its original decision and denied the stay. The Appellate Division, Second Department, affirmed, holding that pursuant to Insurance Law § 5103 (e) and the Superintendent's regulations "the minimum coverage required by New Jersey must be read into the New York policy”
 
 (Matter of American Tr. Ins. Co. v Abdelghany, supra,
 
 at 613). This Court granted leave to appeal.
 

 Matter of Atlantic Mut. Ins. Co. v Finker
 

 Respondent Finker, also a New York resident, alleges that
 
 *166
 
 while he was driving his car in New Jersey he was cut off by another, unidentified vehicle which, although it did not make contact, caused his car to leave the road and overturn. At the time of the accident, Finker’s car was insured under a New York policy issued by Atlantic Mutual Insurance Co. (AMIC) containing the standard uninsured motorist endorsement covering "hit and run” accidents.
 

 New York Insurance Law § 5217 requires "physical contact” for uninsured motorist coverage protection. Finker alleges, and AMIC does not dispute, that New Jersey law — in exact contradiction to the New York
 
 rule
 
 — expressly
 
 commands
 
 that uninsured motorist coverage be provided without the need to show physical contact
 
 (see,
 
 NJ Stat Annot § 17:28-1.1 [e] [2] [c];
 
 Perez v American Bankers Ins. Co.,
 
 81 NJ 415, 418-419). AMIC denied coverage for the out-of-State accident because Finker’s vehicle was not
 
 hit
 
 and, under the policy as construed in New York, the uninsured motorist’s endorsement did not apply. When Finker demanded arbitration, AMIC brought this proceeding for a stay. Supreme Court granted the stay on "constrain[t]” of First Department case law
 
 (see, Matter of Allstate Ins. Co. [Walsh],
 
 99 AD2d 987,
 
 affg
 
 115 Misc 2d 907), but noted that it would have preferred to follow the reasoning of the Second Department
 
 (see, Allcity Ins. Co. v Williams,
 
 120 AD2d 1). The Appellate Division, First Department, affirmed and granted leave to appeal.
 

 Discussion
 

 New Jersey mandates that policies written in that State provide uninsured motorist coverage. We must decide whether New York law requires that New York policies insuring vehicles operating in New Jersey must be deemed to include the minimum uninsured motorist coverage which the parties concede is required by New Jersey. As these cases demonstrate, the departments of the Appellate Division have split on this question
 
 (see, Allcity Ins. Co. v Williams, supra; Matter of Allstate Ins. Co. [Walsh], supra; see also, Matter of Transport Ins. Co. v Tedesco,
 
 147 AD2d 936 [4th Dept]).
 

 The plain language of Insurance Law § 5103 (e) and the departmental regulation (11 NYCRR 60-1.1 [e]) support the insureds’ claims that there should be coverage. Section 5103 (e) provides that "[e]very owner’s policy of liability insurance issued * * * shall also provide, when a motor vehicle covered by such policy is used or operated in any other state * * *
 
 insurance coverage
 
 for such motor vehicle
 
 at least in the
 
 
 *167
 

 minimum, amount
 
 required by the laws of that state” (emphasis added). Although the legislative history of section 5103 is not extensive, it demonstrates that the purpose was to assure that the carriers provide not only the amount of coverage but "that
 
 type of coverage
 
 minimally required by the state in which [the insured] is visiting” (Transcript, Senate Session [Feb. 12, 1973], Tape 3, Bill Jacket, L 1973, ch 13 [emphasis added]). The regulation implementing the statute (11 NYCRR 60-1.1 [e]) specifies that policies must "provide at least the minimum amount and
 
 kind of coverage
 
 which is required in such cases under the laws of such other jurisdiction” (emphasis added), and the Department’s interpretation of the statute is entitled to deference
 
 (see, Kurcsics v Merchants Mut. Ins. Co.,
 
 49 NY2d 451, 457-458).
 

 From the foregoing, we conclude that the statutory and regulatory scheme contemplates that the New Jersey requirements for uninsured motorists coverage should be incorporated into these New York contracts
 
 (see, Allcity Ins. Co. v Williams,
 
 120 AD2d 1, 4-6,
 
 supra).
 
 As this Court observed in
 
 Country-Wide Ins. Co. v Rodriguez
 
 (55 NY2d 162),
 
 [1]
 
 Insurance Law § 5103 (e) (former § 672 [5]) is part of the no-fault legislative scheme "reflect[ing] a felt need to provide a more adequate and efficient system of financial responsibility for compensating victims of automobile accidents * * * It therefore would be unthinkable to assume that our legislators were not conscious of and concerned with the hazards the owners and other occupants of New York automobiles would face when they ventured into States * * * whose laws specified
 
 different,
 
 and perhaps higher, minimum liability levels”
 
 (id.,
 
 at 166-167 [emphasis added]).
 

 The insurers, however, maintain that the Insurance Law and the implementing regulation do not specifically require coverage and that holding that section 5103 (e) requires them to provide out-of-State uninsured motorist coverage in the circumstances here would be contrary to this Court’s decision in
 
 Matter of Sentry Ins. Co. (Amsel)
 
 (36 NY2d 291,
 
 supra).
 
 We disagree.
 
 Sentry
 
 did not concern the interpretation of section 5103 (e) but a different section of the Insurance Law (former
 
 *168
 
 § 167 [2-a], recodified as § 3420 [¶] [2]). Former section 167 (2-a) required uninsured motorist coverage for injuries "caused by accident[s] occurring
 
 in this state”
 
 (emphasis added). Notably, the former section did not contain a provision analogous to that now present in section 5103 (e) requiring coverage equivalent to that mandated by
 
 the foreign State where the accident occurs.
 
 The Court in
 
 Sentry
 
 simply concluded that nothing in the language or history of former section 167 (2-a) suggested that the words "in this state” should be read as requiring coverage for accidents
 
 outside
 
 the State
 
 (id.,
 
 at 295). Significantly, in the
 
 Sentry
 
 appeal the parties made no reference to and this Court did not consider the predecessor to Insurance Law § 5103 (e) (former § 672 [5])
 
 (see,
 
 1975 [vol 12] NY Ct App Cases & Briefs 3984). Indeed, the section was not adopted until after the cause of action in that case accrued.
 

 The insurers also contend that compelling them to provide coverage for their insureds in these cases would be inconsistent with Insurance Law § 3420 (f) (2)
 
 which permits
 
 an insured to obtain optional uninsured motorist coverage providing insurance protection for out-of-State accidents
 
 in any foreign State.
 

 [2]
 

 The argument is illogical.
 
 Permitting
 
 optional uninsured motorist coverage for accidents
 
 in all foreign States,
 
 including those which do not require such
 
 coverage, is
 
 in no way inconsistent with a provision
 
 mandating
 
 uninsured motorist coverage
 
 only in those States which do require it.
 

 There is no merit to the insurers’ further argument that section 5103 (e) imposes an obligation to provide insurance
 
 not in like kind but only in like amount to
 
 that provided by the State where the accident occurs. As noted, such interpretation is in obvious conflict with the express requirement of the implementing regulation (11 NYCRR 60-1.1 [e]) that a New York policy provide "at least the minimum amount
 
 and kind of coverage” (id.
 
 [emphasis added]) required by the jurisdiction where the accident happens.
 

 In sum, we hold that New York law requires insurers to provide the minimum uninsured motorist coverage prescribed by the laws of the State in which the accident occurred. The purpose of Insurance Law § 5103 (e) is to protect New York insureds by assuring that, notwithstanding any New York law
 
 *169
 
 to the contrary, the minimum insurance coverage required under the laws of the situs of the accident will apply. To accept the insurers’ arguments here would defeat the salutary concept of section 5103 (e), i.e., looking to the laws of other jurisdictions if those jurisdictions require "different, and perhaps higher, minimum liability levels”
 
 (Country-Wide Ins. Co. v Rodriguez,
 
 55 NY2d 162, 167,
 
 supra).
 

 The order in
 
 Matter of American Tr. Ins. Co. v Abdelghany
 
 (173 AD2d 611,
 
 supra)
 
 should be affirmed, with costs, and the order in
 
 Atlantic Mut. Ins. Co. v Finker
 
 (179 AD2d 575,
 
 supra)
 
 should be reversed, with costs, and the petition dismissed.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone and Bellacosa concur; Judge Smith taking no part.
 

 In
 
 Matter of American Tr. Ins. Co. v Abdelghany:
 
 Order affirmed, with costs.
 

 In
 
 Matter of Atlantic Mut. Ins. Co. v Finker:
 
 Order reversed, with costs, and petition dismissed.
 

 [2]
 

 .
 
 Section 3420
 
 (f)
 
 (2) provides, in pertinent part: "Any such policy shall, at the option of the insured, also provide supplementary uninsured motorists insurance * * * provid[ing] coverage, in any state or Canadian province”.
 

 [1]
 

 . Contrary to the insurers’ contention, no basis exists for distinguishing
 
 Country-Wide
 
 on the ground that it involves
 
 liability insurance
 
 while the cases here involve
 
 the uninsured motorist endorsement.
 
 An uninsured motorist endorsement is a kind of protection afforded in a liability policy. In fact, New York expressly requires all liability policies to contain a form of uninsured motorist protection
 
 (see,
 
 Insurance Law § 3420 [f| [1]).