■ ARTHUR DEMPSEY et al., Respondents, v CONSUMERS DISTRIBUTING COMPANY, LIMITED, Defendant and Third-Party Plaintiff-Appellant. GREATER NEW YORK MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., in which the second third-party plaintiff Consumers Distributing Company, Limited, sought a judgment declaring that it is an additional insured under a policy of automobile liability insurance issued by the Greater New York Mutual Insurance Company to J.P. Williams Express Company, Inc., Consumers Distributing Company, Limited, appeals from a judgment of the Supreme Court, Kings County (Cannizzaro, J.), dated July 9, 1990, which granted the motion of Greater New York Mutual Insurance Company for summary judgment declaring that Consumers Distributing Company, Limited, is not an additional insured under the automobile liability insurance policy.

Ordered that the judgment is affirmed, with costs to Greater New York Mutual Insurance Company.

It is well settled that a policy of automobile liability insurance issued in the State of New York to a New York insured must provide the minimum amount and kind of coverage required by another State while the vehicle is being used in that State (Insurance Law § 5103 [e]; 11 NYCRR 60-1.1 [e]). Indeed, the instant business automobile policy provides that while an insured vehicle is being operated out-of-State, the insurance carrier will provide the minimum amounts and *types* of coverages required of out-of-State vehicles by the jurisdiction where the covered auto is being used. New Jersey law imposes on carriers a statutory obligation to cover the loading and unloading of a vehicle, and any attempt to exclude from coverage injuries occurring during such procedures is invalid *(see,* New Jersey Stat Annot § 39:6B-1; *Ryder/P.I.E. Nationwide v Harbor Bay Corp.,* 119 NJ 402, 575 A2d 416; *compare,* 11 NYCRR 60-1.1 [c] [3] [iii]; *Breen v Cunard S. S. Co.,* 33 NY2d 508). Contrary to the terms of the policy, this duty under New Jersey law is not limited, *inter alia,* to employees of the insured. Thus, to the extent that this accident allegedly occurred during the unloading of an insured vehicle, New York law determines that a New York automobile liability insurance policy must provide coverage for injuries occurring during loading and unloading *(see, Matter of American Tr. Ins. Co. v Abdelghany,* 79 NY2d 755, *lv granted*

173 AD2d 611; *Matter of Allstate Ins. Co. v Tauszik,* 177 AD2d 486; *Allcity Ins. Co. v Williams,* 120 AD2d 1). Thus, if the accident that gives rise to the appellant's liability occurred during the loading and unloading of a truck owned by J.P. Williams Express Company, Inc., the appellant could qualify as an additional insured under the policy.

However, while the appellant may be correct that the policy must be read to include loading and unloading insurance coverage because New Jersey law would require it, it does not follow that the appellant is entitled to a judgment declaring it to be an additional insured. The plaintiff Arthur Dempsey's injuries occurred as a direct result of the appellant's negligent failure to furnish a metal bridge plate to span the gap between the loading dock and the truck. At the time of the accident, Dempsey had not yet commenced unloading procedures because of this very omission by the appellant's employees. While the appellant's theory of recovery is that the accident occurred through the use of the truck, in point of fact, the appellant now faces liability as a direct result of its failure to maintain a safe loading dock area, and not from the use of the truck *(see, Lesniakowski v Amerada Hess Corp.,* 225 NJ Super 416, 542 A2d 940; *Forsythe v Teledyne Turner Tube,* 209 NJ Super 608, 508 A2d 1156; *Neuman v Wakefern Foods,* 205 NJ Super 263, 500 A2d 752; *Wakefern Food Corp. v General Acc. Group,* 188 NJ Super 77, 455 A2d 1160; *see also, Cenno v West Va. Paper & Pulp Co.,* 109 NJ Super 41, 262 A2d 223; *Atlantic Mut. Ins. Co. v Richards,* 105 NJ Super 48, 251 A2d 134, *affg* 100 NJ Super 180, 241 A2d 468; *Halifko v Cities Serv. Oil Co.,* 510 F Supp 1131 [D NJ], *affd* 676 F2d 684 [3d Cir]). We are thus persuaded that the appellant's negligent failure to provide the requisite bridge plate constitutes a failure to maintain a safe loading area, and that this apparent cause of Dempsey's injuries did not arise out of any use of the truck by the appellant. Thus, we agree with the Supreme Court's declaration that the appellant does not qualify as an additional insured under the policy issued by Greater New York Mutual Insurance Company to J.P. Williams Express Company, Inc.

We have examined the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.