■ RICHARD ROBERTS et al., Appellants, v EVEREADY INSURANCE COMPANY, Respondent. [666 NYS2d 627] —Judgment,

Supreme Court, New York County (Carol Arber, J.), entered June 18, 1997, dismissing the complaint, and bringing up for review a prior order, which, in an action by plaintiff insured to recover underinsured motorist benefits from defendant insurer, granted defendant's motion for summary judgment dismissing the complaint, affirmed, without costs.

Plaintiff, injured while driving a rental truck in Connecticut, seeks to recover underinsured motorist benefits under a policy, issued in New York to the rental agency, in which the latter elected bodily injury liability coverage of $1 million per person and supplementary uninsured motorist coverage of $10,000 per person, the minimum amount allowable, "extended out-of-state". Under the law of Connecticut, whose minimum coverage requirements are applicable pursuant to Insurance Law § 5103 (e), an automobile policy must provide not less than $20,000 per person uninsured and underinsured motorist coverage (Conn Gen Stat § 38a-336 [a] [2]; § 14-112 [a]). We do not read the portion of the Connecticut statute providing that uninsured and underinsured coverage to be equal to that purchased for bodily injury liability (with certain exceptions) as making the latter the required "minimum amount" of coverage within the meaning of Insurance Law § 5103 (e). Under the clear and unambiguous provisions of the subject underinsured motorist endorsement, plaintiff's entitlement to benefits must be offset by the $100,000 he recovered from the other driver's insurer. No argument is made that such offset provision violates Connecticut minimum underinsured motorist requirements. Therefore, plaintiffs can have no recovery herein. Concur—Murphy, P. J., Rubin and Tom, JJ.

Sullivan and Mazzarelli, JJ., concur in a memorandum by Sullivan, J., as follows: While I agree that the order of dismissal should be affirmed, I do so for the following reasons.

The insured purchased uninsured and underinsured coverage (SUM) with limits of $10,000/$20,000, "extended out-of-state", the minimum amount allowable in New York, where the policy was issued, at the time of the accident (see, Vehicle and Traffic Law § 311 [4] [a]).* The accident occurred in Connecticut, which requires uninsured and underinsured motorists coverage "with limits for bodily injury and death equal to those purchased to protect against loss resulting from the liability imposed by law unless any named insured requests in writing a lesser amount * * * but not less than the limits specified in subsection (a) of section 14-112" (Conn Gen Stat § 38a-

---

* Vehicle and Traffic Law § 311 (4) (a) was amended in 1995 to raise the minimum limits to $25,000/$50,000. (L 1995, ch 305, § 4, eff Jan. 1, 1996.)

336 [a] [2]). Section 14-112 (a) provides for minimum liability coverage of $20,000/$40,000.

Here, the insured clearly requested, in writing, SUM limits less than the $1,000,000 limit of coverage provided for third-party liability claims. That its option to take a SUM limit of coverage, i.e., $10,000/$20,000, results in SUM coverage less than Connecticut's minimum SUM limits of $20,000/$40,000 does not, under Connecticut law, void the insured's election since pursuant to Insurance Law § 5103 (e), "[W]hen a motor vehicle covered by [an owner's policy of liability insurance] is used or operated in any other state or in any Canadian province, insurance coverage [shall be provided] for such motor vehicle at least in the minimum amount required by the laws of that state or province." The complimenting regulation (11 NYCRR 60-1.1 [e]) similarly provides. Thus, the insured's policy is deemed to provide SUM limits of $20,000/$40,000 to satisfy Connecticut's minimum requirements. (*Matter of American Tr. Ins. Co. v Abdelghany*, 80 NY2d 162.)

Since plaintiffs have already recovered from the tortfeasor's insurer $100,000, which exceeds the underinsured limit provided under the insured's policy, there is no underinsured claim.