■ FELICIA GALLANT et al., Appellants, v TRAVELERS INSURANCE COMPANY, Respondent. [721 NYS2d 187] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiffs' motion for summary judgment and granted defendant's cross motion for summary judgment, declaring that defendant does not have an obligation to indemnify its insured for the judgment obtained by plaintiffs against defendant's insured in the underlying personal injury action. Plaintiffs are Canadian residents who were injured in a motor vehicle accident in Ontario when a truck owned by Voss Enclosures, Inc. (Voss), a New York business, struck the rear of their vehicle. The truck was registered in New York and insured by defendant under a policy issued by a New York agency. Plaintiffs obtained a default judgment against Voss in the underlying personal injury action in New York and thereafter commenced this declaratory judgment action pursuant to Insurance Law § 3420 (a) (2). Defendant's answer asserted as an affirmative defense that neither Voss nor plaintiffs gave defendant timely notice of the accident and asserted as a counterclaim that it is entitled to judgment declaring that it has no obligation to indemnify Voss.

The court properly determined that New York law applies to the issue of coverage under the insurance policy (*see, Matter of Allstate Ins. Co. [Stolarz],* 81 NY2d 219, 226). Under New York law, compliance with the notice provision of a liability insurance policy is a condition precedent to coverage (*see, White v City of New York,* 81 NY2d 955, 957; *see also, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 492), and plaintiffs do not challenge the court's determination that notice to defendant almost three years after the accident is

untimely. Thus, the court properly granted defendant judgment on its counterclaim.

Even assuming, arguendo, that Canadian law applies, we conclude that plaintiffs' reliance on Ontario Motor Vehicle Insurance Act § 258 is misplaced. Although that statute provides for absolute liability of an insurer for a judgment against its insured regardless of any default by the insured, that statute applies only to Canadian judgments. Finally, contrary to plaintiffs' contention, neither Insurance Law § 5103 (e) nor the out-of-State extensions of coverage provisions of the New York insurance policy mandate that we apply Canadian law. Both the statute and the policy provisions concern minimum amounts of coverage and the kinds of accidents that are covered, issues not reached unless there has been compliance with the notice provision of the insurance policy (*cf., Dempsey v Consumers Distrib. Co.,* 188 AD2d 509, 509-510; *Allcity Ins. Co. v Williams,* 120 AD2d 1, 5). (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Declaratory Judgment.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.