502

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant James J. Harkins, Jr., pursuant to a policy of automobile liability insurance, in an underlying action entitled *Harkins v Harkins*, pending in the Supreme Court, Suffolk County, under index No. 9666/04, the defendant Carol Harkins and the defendant James J. Harkins, Jr., separately appeal from (1) an order of the Supreme Court, Suffolk County (Oliver, J.), dated April 6, 2005, which denied their respective motions for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendant James J. Harkins, Jr., in the underlying action, and granted the plaintiff's cross motion for summary judgment, and (2) a judgment of the same court dated September 7, 2005, which, upon the order, inter alia, in effect, declared that the plaintiff is not obligated to defend and indemnify the defendant James J. Harkins, Jr., in the underlying action.

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (*see* CPLR 5501 [a] [1]).

The defendants, residents of New York, were involved in a single-car automobile accident while traveling in Virginia. The defendant wife, who sustained injuries, commenced an action against the defendant husband, the driver of the vehicle, which was insured by the plaintiff insurance carrier pursuant to a policy which excluded interspousal claims. The plaintiff then commenced this action for a judgment declaring that it is not obligated to defend or indemnify the husband in the action brought by his wife.

In the absence of an express provision in an insured's policy, a carrier is not required to provide insurance coverage for

injuries sustained by an insured's spouse (*see* Insurance Law § 3420 [g]; *Yankelevitz v Royal Globe Ins. Co.*, 59 NY2d 928, 930 [1983]; *Government Empls. Ins. Co. v Pagano*, 251 AD2d 452, 453 [1998]; *cf. Federal Ins. Co. v McCampbell*, 247 AD2d 359, 361-362 [1998]). Insurance Law § 5103 (e), which requires a carrier to provide the coverage minimally required by the state where the loss occurred, applies solely to the amount and type of coverage required by another state (*see* Insurance Law § 5103 [e]; *Matter of American Tr. Ins. Co. v Abdelghany*, 80 NY2d 162, 166-167 [1992]; *Gallant v Travelers Ins. Co.*, 280 AD2d 900, 901 [2001]; *Dempsey v Consumers Distrib. Co.*, 188 AD2d 509 [1992]). As such, that provision is inapplicable to the facts of this case.

Accordingly, pursuant to the terms of the policy, the carrier was not required to defend or indemnify the husband for the injuries sustained by the wife. Crane, J.P., Ritter, Krausman and Skelos, JJ., concur.