■ ATLANTIC MUTUAL INSURANCE Co., Respondent, v RICHARD GOGLIA, Appellant. [845 NYS2d 2]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 24, 2005, which granted the motion of plaintiff Atlantic Mutual Insurance Company (Atlantic Mutual) for summary judgment declaring that it is not liable to defendant for uninsured motorist (UM) or supplemental uninsured motorist (SUM) coverage, unanimously reversed, on the law, with costs, the declaration vacated, and judgment granted to defendant declaring that plaintiff is liable to defendant for UM/SUM coverage.

Defendant, a New York resident, was driving a commercial truck owned by his employer when, while in New Jersey, the ve-

hicle in front of him came to a short stop at a traffic signal, causing him to swerve and strike a utility pole, which then fell across his vehicle and trapped him inside. Defendant's truck and the offending "hit-and-run" vehicle never made physical contact with one another. As a result of the accident, defendant's right leg was amputated below the knee.

In a separate action, defendant sued plaintiff Atlantic Mutual, his employer's carrier, for coverage under the SUM endorsement of its policy, which had a limit of $1 million. In addition, defendant applied for and received workers' compensation benefits.

The instant action was thereafter commenced by Atlantic Mutual for a declaration that (1) this matter is governed by New York's rule requiring contact with the offending vehicle as a prerequisite for UM benefits; (2) New Jersey, by now authorizing the issuance of basic automobile insurance policies that have no mandatory UM requirements, is no longer a mandatory UM state and thus New York law applies; (3) even if it is determined that New Jersey is a mandatory UM state, defendant does not meet New Jersey's definition of a "hit-and-run" accident because he received workers' compensation benefits; and (4) New Jersey's minimum requirements for standard insurance policies of $15,000 per person would be the extent of coverage available to defendant.

In opposition to summary judgment, defendant claimed that Atlantic Mutual's arguments ignored the explicit language of New York Insurance Law § 5103 (e), mischaracterized the changes in New Jersey's insurance law, misapplied New Jersey's definition of a "hit and run" to the instant accident, and misconstrued the Court of Appeals' decision in *Matter of Atlantic Mut. Ins. Co. v Finker* (80 NY2d 162 [1992]).

The motion court granted plaintiff summary judgment and declared that it was not required to provide uninsured motorist benefits. It did not reach the question of whether New Jersey's shift from a mandatory to an optional uninsured motorist state relieved a New York insurer of providing coverage in the circumstances presented here, because it was constrained to find that defendant's claim was barred by New York Insurance Law § 5103 (e) on the sole ground that New Jersey Statutes Annotated § 17:28-1.1 (e) (2) (c) and § 39:6-78 (b) barred UM claims brought by those who had recovered workers' compensation benefits. As this finding conflicts with our interpretation of those statutes and New Jersey case law, we reverse.

Every automobile insurance policy procured in New York must provide the *minimum* uninsured motorist coverage mandated

by the law of *another* state when the insured automobile is involved in an accident in that state (Insurance Law § 5103 [e]; 11 NYCRR 60-1.1 [e]). As such, "the statutory and regulatory scheme contemplates that the New Jersey requirements for uninsured motorists coverage should be incorporated into [this] New York contract[ ]" (*Finker*, 80 NY2d at 167).

New Jersey, in contrast with New York, does not require a showing of physical contact with another vehicle to trigger uninsured motorist coverage when the identity of the offending vehicle owner cannot be ascertained (*compare* NJ Stat Ann § 17:28-1.1 *with* Insurance Law § 5217). In New Jersey, the term "uninsured motor vehicle" includes "a hit and run motor vehicle *as described in* [New Jersey Statutes Annotated § 39:6-78]" (NJ Stat Ann § 17:28-1.1 [e] [2] [c] [emphasis added]). New Jersey Statutes Annotated § 39:6-78, in turn, states that:

"*When the death of, or personal injury to, any person arises out of ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained* or it is established that the motor vehicle was, at the time said accident occurred, in the possession of some person other than the owner without the owner's consent and that the identity of such person cannot be ascertained, any qualified person who would have a cause of action against the operator or owner or both in respect to such death or personal injury *may bring an action therefor against the association* in any court of competent jurisdiction, but no judgment against the association shall be entered in such an action unless the court is satisfied, upon the hearing of the action, that—

"(a) The claimant has complied with the requirements of section 5,

"(b) *The claimant is not a person covered with respect to such injury or death by any workers' compensation law, or the personal representative of such a person,*

"(c) The claimant was not at the time of the accident the owner or registrant of an uninsured motor vehicle, or was not operating a motor vehicle in violation of an order of suspension or revocation,

"(d) The claimant has a cause of action against the operator or owner of such motor vehicle or against the operator who was operating the motor vehicle without the consent of the owner of the motor vehicle,

"(e) All reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator

thereof and either that the identity of the motor vehicle and the owner and operator thereof cannot be established, or that the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established,

"(f) The action is not brought by or on behalf of an insurer under circumstances set forth in paragraph (1) of section 10." (Emphasis added.)

Plaintiff points to subsection (b) as precluding defendant's claim for uninsured motorist benefits based upon his receipt of workers' compensation benefits. We reject this argument. Subsections (a) through (f), delineated above, spell out the requirements to be met by those filing claims with the "association," referring to the New Jersey Property-Liability Insurance Guaranty Association, the entity charged with maintaining and administering the Unsatisfied Claim and Judgment Fund. However, since defendant is seeking benefits not from the Fund, but from a private insurance carrier, plaintiff's reliance upon New Jersey Statutes Annotated § 39:6-78 is misplaced since "anyone who is an insured under an insurance policy providing uninsured motorist . . . protection" is specifically excluded from coverage under New Jersey Statutes Annotated § 39:6-62 (*Transport of N.J. v Watler*, 161 NJ Super 453, 457, 391 A2d 1240, 1241 [1978], *mod* 79 NJ 400, 400 A2d 61 [1979]). As the subject incident fits within the definition of a hit-and-run accident *as described* in New Jersey Statutes Annotated § 39:6-78, and there are numerous New Jersey cases in which claimants who have received workers' compensation also recovered uninsured motorist benefits after being involved in hit-and-run accidents (*see e.g. Midland Ins. Co. v Colatrella*, 102 NJ 612, 510 A2d 30 [1986]; *Christy v City of Newark*, 102 NJ 598, 510 A2d 22 [1986]), we vacate the motion court's declaration finding plaintiff not liable to defendant based upon sections 17:28-1.1 and 39:6-78.

Although the motion court specifically did not reach it, we reject plaintiff's additional argument that this matter is governed by New York's no-contact rule by virtue of New Jersey's change from a mandatory to optional UM state. By virtue of New York's rule requiring that every New York automobile insurance policy provide the minimum uninsured motorist coverage mandated by the law of another state when the insured automobile is involved in an accident in that state (see supra), the New York policy at issue here must provide the minimum UM coverage mandated by the law of New Jersey, the situs of the accident. Under New Jersey law, "uninsured motorist coverage . . . *requires* motor vehicle liability policies to

provide coverage up to certain *minimums* for payment of . . . sums which the insured shall be legally entitled to recover as damages from the operator or owner of an uninsured motor vehicle, or hit and run motor vehicle" (*Shaw v City of Jersey City*, 174 NJ 567, 572, 811 A2d 404, 407 [2002] [internal quotation marks and an ellipsis omitted; emphasis added], quoting NJ Stat Ann § 17:28-1.1 [a] [2]).\* Thus, we find, for purposes of this matter, that the applicable requirements for uninsured motorist coverage are not those of New York, but those of New Jersey. Accordingly, defendant is entitled to a judgment declaring plaintiff liable for uninsured motorist coverage up to the full measure of the policy endorsement (*Finker*, 80 NY2d at 168-169). Contrary to plaintiff's argument, New Jersey Statutes Annotated § 17:28-1.1 (a) prescribes the *minimum*, not maximum, requirements of the insurer's obligation to provide uninsured motorist coverage.

Plaintiff's remaining argument that common-law choice of law principles apply, raised for the first time on appeal, is not preserved for review (*Murray v City of New York*, 195 AD2d 379, 381 [1993]). In any event, the contention is without merit. Concur—Mazzarelli, J.P., Friedman, Williams, McGuire and Malone, JJ.

---

\* New Jersey law affords two insurance coverage options, a basic policy and a standard policy (NJ Stat Ann § 39:6A-1.1). The basic policy offers minimum coverage options to insureds and need not include UM coverage (*Rider Ins. Co. v First Trenton Cos.*, 354 NJ Super 491, 496, 808 A2d 143, 146 [2002]). Policies cannot exclude UM coverage except when an insured voluntarily selects and purchases a basic policy (*id.*). Since the New York policy here is not a "basic policy," UM coverage is mandatory.