HELEN SCHWARTZ, Respondent, v S. LIPKIN & SON, INC., Defendant and Third-Party Plaintiff-Appellant. JOSEPH SCHWARTZ, Third-Party Defendant-Respondent. (And a Fourth-Party Action.)

Second Department, July 21, 1980

### APPEARANCES OF COUNSEL

*Montfort, Healy, McGuire & Salley (E. Richard Rimmels, Jr.,* of counsel), for appellant.

*Kelner & Kelner (Robert S. Kelner* of counsel), for respondent.

### OPINION OF THE COURT

TITONE, J. P.

In this negligence action to recover damages for personal injuries, defendant-third-party plaintiff appeals from so much

of an order of the Supreme Court, Nassau County, as dismissed the third-party complaint.

The question on appeal is whether an insurance carrier, which is exempt from providing coverage to a plaintiff's culpable insured spouse under subdivision 3 of section 167 of the Insurance Law, may maintain a cross claim for indemnification against the insured spouse, in the right of a vicariously liable coinsured.

The facts are not in dispute. On November 30, 1976 plaintiff Helen Schwartz was injured in an automobile accident outside of Hardeeville, South Carolina, when the vehicle in which she was a passenger crossed over to the opposite side of the road and collided with an oncoming vehicle. The vehicle in which she was riding was owned by defendant, S. Lipkin & Son, Inc., and was being operated by third-party defendant, Joseph Schwartz, the president of S. Lipkin & Son and plaintiff's husband.

Thereafter, plaintiff commenced the instant action against defendant as owner of the vehicle, seeking $750,000 in damages. Defendant answered, asserting affirmative defenses, and simultaneously commenced a third-party action for indemnification against plaintiff's husband. He, in turn, commenced a fourth-party action against the Insurance Company of North America (INA) and Public Service Mutual Insurance Company (PSMI). The husband's action sought a declaration that the insurers were obligated to defend and indemnify him as an insured under certain policies which they had in effect with S. Lipkin & Son. Mr. Schwartz was an insured under these policies both as an officer and director of the corporation and as a permissive user of the vehicle. The combined limits of the policies in question were in excess of the amount sought in plaintiff's complaint.

The instant matter comes to us in relation to a motion by INA seeking, by way of resettlement, to be included in a prior order of Special Term which granted a motion for summary judgment by PSMI against Mr. Schwartz, as fourth-party plaintiff, on the basis that subdivision 3 of section 167 of the Insurance Law absolves an insurance carrier from any obligation to defend or indemnify an insured should his negligence result in injury to his spouse. That order was affirmed by this court (Schwartz v Lipkin & Son, 73 AD2d 849). In connection with INA's motion for resettlement, plaintiff cross-moved to dismiss the third-party complaint.

Special Term granted both INA's motion (treating it as a *de novo* application for summary judgment), and the cross motion. Addressing the cross motion, the court stated that since the plaintiff sought an award of less than the amount of the existing insurance coverage, the third-party complaint represented an impermissible attempt by the insurers to subrogate against their own insured, citing *Beck v Renehan* (46 Misc 2d 252).

I disagree. Therefore, so much of Special Term's order as granted the cross motion and dismissed the third-party complaint must be reversed and the cross motion denied.

It is a well-recognized principle of tort law that a vicariously liable defendant is entitled to seek indemnification from the actual wrongdoer, for any damages imposed upon it *(Traub v Dinzler,* 309 NY 395; *Mauro v McCrindle,* 70 AD2d 77; Prosser, Torts [4th ed], § 51); and the mere fact that the ultimate beneficiary will be an insurance carrier is insufficient to defeat the indemnification claim *(Krause v American Guar. & Liab. Ins. Co.,* 22 NY2d 147). However, this right to indemnification is limited to prevent a cross claim by the vicariously liable party against a coinsured wrongdoer. Thus, where a policy of insurance requires indemnity by the carrier for both the owner and the operator of a vehicle, a cross claim may not be maintained by the owner against the operator. As was stated in *Beck v Renahan (supra,* p 254), if such an action were permitted "we would have the spectacle of the insurance company paying a judgment against one assured and then by subrogation collecting it from another assured for whom it is equally bound to pay the same judgment." This limitation applies in those actions where the amount of the award sought does not exceed the extent of coverage *(Beck v Renahan, supra; Winnick v Kupperman Constr. Co.,* 29 AD2d 261).

The case at bar presents such a situation, in that the amount of damages sought, $750,000, is less than the extent of insurance coverage, $1,250,000. There is, however, a distinguishing factor in this matter which places it outside the general rule. Here the insurance carriers are exempt from extending coverage to the coinsured, Mr. Schwartz, since the negligence involves an injury to his spouse (see Insurance Law, § 167, subd 3). Therefore, in this case the "spectacle" of the insurance company subrogating against a party for whom it is equally obligated to pay the judgment is totally absent.

INA and PSMI have no obligation to defend or indemnify Mr. Schwartz.

Subdivision 3 of section 167 of the Insurance Law provides: "No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy. This exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse."

The policy behind this statute is to avoid possible fraud and collusion which could arise in actions wherein an injured spouse seeks to recover for injuries resulting from the negligence of an insured spouse (*State Farm Mut. Auto. Ins. Co. v Westlake*, 35 NY2d 587; *Employers' Liab. Assur. Corp. v Aresty*, 11 AD2d 331, affd 11 NY2d 696). The statute recognizes the right of the parties to extend coverage to include this additional risk by express provision in the insurance policy. The insurance policies in question did not so provide.

The carrier's exemption under the statute was somewhat limited by an amendment in 1976, which added the last sentence to subdivision 3 (see L 1976, ch 616). The purpose of that sentence was to limit the application of the exemption to those cases in which the injured spouse must prove the culpable conduct of the insured spouse in order to recover. The case at bar presents such a situation, since no recovery may be had of the vicariously liable corporate defendant without establishing the culpable conduct of plaintiff's husband.

Therefore, it is clear that neither carrier had any obligation to defend or indemnify Mr. Schwartz. Yet, if we were able to refuse to allow the third-party claim for indemnification, as plaintiff and her husband ask, we would in effect extend such coverage to Mr. Schwartz. If no claim for indemnification is permitted, then the wrongdoer spouse would be protected from any liability. By thus shielding the culpable spouse, the very possibility of fraud and collusion against which the statute seeks to guard will again become a factor. This result would seem to contravene the policy behind subdivision 3 of section 167 of the Insurance Law.

Accordingly, that part of Special Term's order granting the cross motion must be reversed and the cross motion denied.

MANGANO, MARGETT and MARTUSCELLO, JJ., concur.

Order of the Supreme Court, Nassau County, entered February 9, 1979, reversed insofar as appealed from, with $50 costs and disbursements payable by plaintiff, and cross motion to dismiss the third-party complaint denied.