ROBERT SMITH, Respondent, v HOOKER CHEMICAL AND PLASTICS CORPORATION, Defendant and Third-Party Plaintiff-Respondent. STEEL CONTRACTING CORPORATION, Third-Party Defendant-Appellant.

Fourth Department, November 13, 1981

APPEARANCES OF COUNSEL

*Maghran, McCarthy & Flynn (W. Donn McCarthy* of counsel), for defendant-appellant.

*Paul William Beltz, P.C. (Russell Quinlan* of counsel), for Robert Smith, respondent.

*Smith, Murphy & Schoepperle* for Hooker Chemical and Plastics Corporation, third-party plaintiff-respondent.

OPINION OF THE COURT

SIMONS, J.

In 1972 plaintiff, an employee of third-party defendant Steel Contracting Corp., was injured during the course of his employment when he fell while repairing the roof of a building owned by defendant Hooker Chemical and Plastics Corporation. He thereafter brought this action against defendant seeking damages in causes of action based on common-law negligence, violations of sections 200, 240, 241 of the Labor Law and the rules of the Board of Standards and Appeals, and breach of express and implied warranties by defendant that the premises were safe.[*] Defendant, in turn, impleaded plaintiff's employer, the third-party defendant here, who answered the third-party complaint with a general denial. Subsequently, the employer moved to amend its answer pursuant to CPLR 1008 and 3025 to assert a cross claim seeking indemnity in whole or part from plaintiff, its employee. It contends that two recent appellate decisions permit it to do so (see *Schwartz v Lipkin & Son,* 76 AD2d 141; *Mauro v McCrindle,* 70 AD2d 77, affd 52 NY2d 719). Special Term denied the motion and we affirm its order.

The differences between partial indemnity, also known as apportionment or contribution, and true indemnity, are familiar, but since the employer seeks both from plaintiff by its proposed amendment, it will be helpful to review them briefly. Contribution or apportionment involves a determination of relative responsibility in which the respective fault of two or more defendants is determined by reviewing the contribution of each to the damage sustained. Once the tort-feasors' relative responsibilities are determined, each pays his ratable portion of the total damages. By contrast, true or full indemnity does not involve apportioning the wrong, but rather a shifting of the entire burden by defendant to another. It rests upon the premise that one party has been compelled to pay money

---

[*] The warranty causes of action allege wrongs by defendant Hooker only and would not be the basis for liability over.

which, in justice, another ought to pay. In the case of true indemnity, the third-party plaintiff demands that the third-party defendant pay not just his share of plaintiff's damages but the whole outlay. Conceptually different, contribution is based upon negligence while indemnity arises because of an independent duty between tort-feasors based upon contract (see, generally, *McDermott v City of New York,* 50 NY2d 211, 217; *Rock v Reed-Prentice Div. of Package Mach. Co.,* 39 NY2d 34, 38-40; *Rogers v Dorchester Assoc.,* 32 NY2d 553; Ann., 53 ALR3d 184).

■ Turning to the case at hand, the employer may not amend his answer to assert a cross claim for contribution or apportionment from plaintiff because plaintiff's fault is a matter of defense or mitigation which must be determined in the primary action. The employer may litigate plaintiff's fault there, without the necessity of impleader even though it is a third-party defendant, because it has all the rights of an adverse party and it may assert defenses in the primary action just as defendant may (CPLR 1008). The holding in *Dole (Dole v Dow Chem. Co.,* 30 NY2d 143) does not suggest otherwise. In *Dole* the court formulated a method for determining relative responsibility and permitted the method to be applied to pending cases involving prior accidents, but its ruling applies only to evaluating the conduct of defendants *inter sese* (see *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y.,* 45 NY2d 551, 557). It does not permit a third-party defendant to implead a plaintiff (but see *Moreno v Galdorisi,* 39 AD2d 450). In this pre-1975 case, plaintiff's contributory negligence is a complete defense, of course, and the question of apportionment will not arise if plaintiff's contributing fault is established, because a verdict against plaintiff will require dismissal of the third-party action.

■ Neither may third-party defendant seek full indemnity from plaintiff. The right to indemnity is predicated either on a duty assumed expressly by contract, and that is not alleged here, or on the quasi contract theory of unjust enrichment (see Restatement, Restitution, § 76; *Oceanic Steam Nav. Co. v Compania Transatlantica Espanola,* 134 NY 461, 467-468). As noted earlier, the indemnity cross claim shifts the duty to pay in full from one joint tort-feasor

to another, from the one called upon to pay to the one who ought to pay because as between them he has a duty to do so (see *Dole v Dow Chem. Co.*, 30 NY2d 143, 152-153, *supra; McFall v Compagnie Maritime Belge [Lloyd Royal] S.A.*, 304 NY 314, 331; *Westchester Light. Co. v Westchester County Small Estates Corp.*, 278 NY 175, 179). If there is no duty as between the two to prevent injury to the injured victim, then there can be no right of indemnity by one from the other. The claim for indemnity is not derivative in the sense that the third-party plaintiff sues the third-party defendant for damages sustained by the injured party as a result of the accident. Rather, the third-party plaintiff obtains indemnity for the damages he has been required to pay plaintiff, i.e., the liability he has sustained by reason of his satisfaction of plaintiff's direct damages. In the indemnity claim, the third-party plaintiff shifts the ultimate burden of his own responsibility to the prime plaintiff to the third-party defendant who owed him a duty to prevent the accident and — thus also to prevent the liability he incurred to the prime plaintiff (see *Bush Term. Bldgs. Co. v Luckenbach S.S. Co.*, 11 AD2d 220, 223-224 [BREITEL, J.], revd on other grounds 9 NY2d 426). There can be no indemnity in this case because there is no independent duty owing from the employee to the employer to prevent the accident.

It is contended that plaintiff may have been guilty of negligence contributing to his damage that will not be considered in the main action because absolute liability may be imposed upon Hooker and the employer under various provisions of the Labor Law (see *Evans v Nab Constr. Corp.*, 80 AD2d 841; *Rea v Elia Bldg. Co.*, 79 AD2d 1102; *Long v Murnane Assoc.*, 68 AD2d 166, mot for lv to app dsmd 48 NY2d 776; *Yearke v Zarcone*, 57 AD2d 457, mot for lv to app den 43 NY2d 643). Plaintiff may indeed recover in the causes of action based on the statute, his fault notwithstanding. Nevertheless, the employer may not cross-claim against him seeking indemnity, because public policy prohibits it. The Labor Law was enacted to protect workmen (see *Sarnoff v Charles Schad, Inc.*, 22 NY2d 180, 185-186; *Koenig v Patrick Constr. Corp.*, 298 NY 313, 318-319). To that end, certain sections of it have

been held to impose a nondelegable absolute duty on owners and employers. The wrong for which the employer must answer under the Labor Law may involve solely negligent acts of his employee, but that is immaterial (see *Haimes v New York Tel. Co.,* 46 NY2d 132; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290). There is no similar statutory duty imposed on the workman and the absolute liability of the employer or owner for violation of the statute is not vicarious but primary. If we were to permit the employer to hold the employee answerable for failing to discharge this statutory duty, we would undermine the public policy behind the statute.

The *Mauro* and *Schwartz* decisions *(Mauro v McCrindle,* 70 AD2d 77, *supra; Schwartz v Lipkin & Son,* 76 AD2d 141, *supra)* are consistent with this analysis. Relief in those cases was based upon the established rule which permits one vicariously liable to recover indemnity from the actual wrongdoer (see, generally, 1 NY PJI2d 615-616). Thus, in *Mauro* the property owner was liable only because he had suffered inherently dangerous work to be performed near a public thoroughfare. He was permitted to seek indemnity from an employee of a subcontractor, therefore, who, for purposes of the appeal, conceded that he was personally negligent and that his negligence proximately caused plaintiff's injuries. The principal issue in the case was not so much the recognized right of one vicariously liable to seek indemnity from the primary tort-feasor, although that rule was upheld, but whether the property owner could sue the employee of the contractor (not the plaintiff) directly for this relief or was obliged to sue his employer.

*Schwartz (supra)* was an action in which plaintiff wife had been a passenger in an automobile owned by defendant, her husband's employer, and driven by her husband at the time it was involved in an accident. The employer owner's liability was vicarious only and therefore it was permitted to implead the primary tort-feasor, plaintiff's husband, seeking indemnity. Pertinent also to the case was the issue whether the owner's insurer could seek indemnity from the husband, also a named insured, in view of the exclusion of section 167 of the Insurance Law, permitting

insurers to avoid liability in suits between spouses. The court held that the insurer had no obligation to indemnify the husband in an action by his wife and that the other named insured, the owner, could therefore implead him in a third-party action for indemnity without the carrier, in effect, seeking indemnity from itself.

Both cases differ from this in that they involved vicarious liability.

The order should be affirmed.

DILLON, P. J., DOERR, MOULE and SCHNEPP, JJ., concur.

Order unanimously affirmed, with costs.