*930 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
We perceive no constitutional infirmity in the provision of subdivision 3 of section 167 of the Insurance Law, which operates to exclude coverage for liability of the insured for personal injury or property damage claims by the insured’s spouse where the culpable conduct of the insured is in issue, unless the policy expressly declares such coverage. Plaintiff’s contention that the Legislature’s failure to require that the insurance policy expressly give notice to the insured of this exclusion denies him due process is without merit. The insured has ample notice of the terms of the exclusion by virtue of the statutory provision itself, which is deemed included as a policy provision (Employers’ Liab. Assur. Corp. v Aresty, 11 AD2d 331, 334, affd on opn below 11 NY2d 696; New Amsterdam Cas. Co. v Stecker, 1 AD2d 629, affd 3 NY2d 1). Moreover, the determination of the Legislature to apply this exclusion only to spouses is not violative of equal protection. The provision is designed to discourage collusive insurance claims between spouses involved in automobile accidents. A rational basis clearly exists to justify whatever classification may be created by the statute.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order affirmed, with costs, in a memorandum.