■ EMPIRE MUTUAL INSURANCE Co., Appellant, v ALVIN FLEISCHMAN et al., Respondents. — Order and judgment (one paper) of the Supreme Court, New York County (Peter J. McQuillan, J.), entered on July 16, 1984, which denied plaintiff's motion for summary judgment, granted defendants' cross motion for summary judgment and directed that judgment be entered in favor of defendants declaring that the insurance policy issued by plaintiff provides coverage to defendant Alvin Fleischman in connection with an action seeking damages for

personal injuries allegedly sustained by defendant Esther Fleischman, is reversed, on the law, plaintiff's motion for summary judgment granted, defendants' cross motion for summary judgment denied and judgment entered in favor of plaintiff declaring that the subject policy of insurance does not provide coverage to defendant Alvin Fleischman in the interspousal action commenced by defendant Esther Fleischman, without costs or disbursements.

This action arises out of the issuance by plaintiff Empire Mutual Insurance Company of an automobile liability policy to defendant Alvin Fleischman and a subsequent vehicular accident which occurred in Virginia on July 23, 1977. Defendant Esther Fleischman, Alvin Fleischman's wife, thereafter commenced suit in Virginia to recover damages for the personal injuries allegedly sustained by herself and her husband. The present action was instituted by plaintiff for a judgment declaring that the insurance policy in question does not provide coverage to Alvin Fleischman in connection with his wife's lawsuit. In that regard, plaintiff relies upon subdivision 3 of section 167 of the Insurance Law, which states that "[n]o policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy." It is undisputed that the policy of insurance involved here did not afford coverage for interspousal liability claims.

Special Term, in directing that judgment be entered in favor of defendants, agreed with their position that plaintiff had failed to comply with the timely notice requirement contained in subdivision 8 of section 167 of the Insurance Law. According to this subdivision: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant."

However, this court, in *American Motorists Ins. Co. v Salvatore* (102 AD2d 342), specifically rejected the argument that the insurer is obliged under subdivision 8 of section 167 of the Insurance Law to give prompt notice of disclaimer in a situation such as the instant one. In that case, the court, concluding that the insurance company was not mandated to pay the judgment in an interspousal suit, held (p 345) that: "Special Term, in passing upon the motion and cross motion for summary judgment, properly dismissed the first affirmative defense, holding

subdivision 8 of section 167 of the Insurance Law, as to timely written notice of disclaimer, inapplicable here. The alternate doctrines of waiver or estoppel may not operate to create insurance coverage where none exists under the policy as written".

Neither the statute nor the existing legal authority requires a notice of disclaimer in instances in which the insurance policy itself does not provide coverage to the claimant. Special Term's reliance upon *Zappone v Home Ins. Co.* (55 NY2d 131) and *Yankelevitz v Royal Globe Ins. Co.* (59 NY2d 928) is misplaced. *Yankelevitz* simply concerned an unsuccessful constitutional challenge to subdivision 3 of section 167 of the Insurance Law, while in *Zappone,* the Court of Appeals reaffirmed the principle that "the failure to disclaim coverage does not create coverage which the policy was not written to provide" (*Zappone v Home Ins. Co., supra,* at p 134). As the court explained therein (p 137): "The purpose for which subdivision 8 of section 167 was enacted was to avoid prejudice to the insured, the injured claimant and the Motor Vehicle Accident Indemnity Corporation, each of whom could be harmed by delay in learning of the carrier's position * * * It was not, however, to provide an added source of indemnification which had never been contracted for and for which no premium had ever been paid."

Consequently, plaintiff's motion for summary judgment should have been granted and the cross motion by defendants denied. Concur — Silverman, J. P., Bloom, Fein, Milonas and Kassal, JJ.