FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, as Subrogee of WHITEMAN CHEVROLET, INC., Appellant, v ALLSTATE INSURANCE COMPANY, Respondent.

Third Department, October 24, 1991

APPEARANCES OF COUNSEL

*Moran & Pronti (Jay A. Smith* of counsel), for appellant.

*Pemberton & Briggs (Paul Briggs* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

Appeal from an order of the Supreme Court (Dier, J.), entered December 18, 1990 in Warren County, which, *inter alia,* granted summary judgment to defendant and made a declaration in its favor.

The facts of this case are not in dispute. Whiteman Chevrolet, Inc., an automobile dealership, had a policy of liability insurance issued by plaintiff. On March 19, 1983 Benjamin Bonacker, a prospective buyer of one of Whiteman's automobiles, was test driving the vehicle when he became involved in a two-car collision. Bonacker's wife was riding with him in the Whiteman vehicle and incurred personal injuries in the accident. At the time, Bonacker was insured for automobile accident liability claims by defendant.

Thereafter, Bonacker's wife brought suit for her injuries against the driver of the other vehicle involved in the accident and against Whiteman, as the owner of the vehicle her husband was permissibly driving when the accident occurred. Third- and fourth-party actions were then brought against Bonacker by the driver of the other vehicle and by Whiteman. The parties eventually entered into a stipulation of settlement under which plaintiff, as the insurer of Whiteman, paid $165,000 to Bonacker's wife in full disposition of her claim. It was further stipulated that plaintiff, as the insurer/subrogee of Whiteman, had a valid right of indemnification from Bonacker, but that this would only be asserted against Bonacker's insurer to the extent of coverage for such claim.

Plaintiff then brought this action seeking a declaratory judgment that Bonacker's liability insurance policy with defendant covered his obligation to indemnify plaintiff for paying the personal injury claim of Bonacker's wife, and money damages of $100,000, the limit in Bonacker's insurance policy.

Plaintiff moved for summary judgment. Supreme Court denied the motion and, *sua sponte,* granted summary judgment to defendant. This appeal followed.

There should be an affirmance. Supreme Court correctly held that, in the absence of a provision in Bonacker's liability insurance policy with defendant expressly insuring him for personal injury claims by his wife, plaintiff's right to recover against defendant was barred by Insurance Law § 3420 (g). That section excludes coverage of an insured for liability arising out of injuries to a spouse in the absence of an express policy provision to that effect, but, pursuant to a 1976 amendment (L 1976, ch 616), the exclusion only applies "where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse".

The legislative history of the 1976 amendment to the predecessor to Insurance Law § 3420 (g) indicates that it was proposed by the Law Revision Commission to overcome the decision in *State Farm Mut. Auto. Ins. Co. v Westlake* (35 NY2d 587), wherein the Court of Appeals applied the statutory exclusion to preclude liability insurance coverage for a third-party claim for contribution against the insured (joint tort-feasor) spouse of an injured plaintiff *(see,* mem of Law Rev Commn, 1976 McKinney's Session Laws of NY, at 2245). The Law Revision Commission pointed out that the purpose of the original enactment of the exclusion was to protect insurers from collusive lawsuits between spouses once the disability from bringing interspousal tort actions was lifted *(see,* recommendation of Law Rev Commn, 1976 McKinney's Session Laws of NY, at 2246). However, the Law Revision Commission reasoned that third-party claims against spouses of injured parties for contribution, based upon relative fault under the then recent doctrine of *Dole v Dow Chem. Co.* (30 NY2d 143), do not pose a danger of collusion between spouses because "the injured spouse's cause of action does not rise and fall on the proof of the driver-spouse's negligence" (recommendation of Law Rev Commn, 1976 McKinney's Session Laws of NY, at 2247).

In limiting the statutory exclusion from coverage under Insurance Law § 3420 (g) to claims where the injured party must establish the liability of his or her spouse in order to recover, the Law Revision Commission did not intend for the exclusion as amended to apply in the case of *Dole* contribution claims among joint tort-feasors, but rather to "all situations to which the exclusion applied before *Dole,* that is, in all direct

actions between the spouses and *in all actions to which the traditional indemnity concept applies"* (recommendation of Law Rev Commn, 1976 McKinney's Session Laws of NY, at 2247 [emphasis supplied]).

In the instant case, the terms of the settlement agreement admit of no other inference but that the cause of action of Bonacker's wife against Whiteman was based purely upon Whiteman's vicarious liability for the negligent operation of its vehicle by her husband *(see,* Vehicle and Traffic Law § 388). Only on such a theory would payment of the wife's claim by Whiteman's insurer give rise to a right of full, i.e., "traditional", indemnification from Bonacker, as the parties stipulated. Since the claim of Bonacker's wife against Whiteman thus depended entirely on proving her husband responsible for her injury, coverage under Bonacker's liability policy was statutorily excluded *(see,* Insurance Law § 3420 [g]). Plaintiff's contention that the exclusion applies only to direct suits by an injured spouse against his or her insured spouse is belied by the previously cited legislative history of the 1976 amendment to the predecessor to Insurance Law § 3420 (g) and is inconsistent with the holding of the Second Department in *Schwartz v Lipkin & Son* (76 AD2d 141).

In view of the foregoing, we need not address defendant's alternative ground for defeating plaintiff's claim for indemnification, i.e., that Bonacker was a primary insured person under the Whiteman policy.

MAHONEY, P. J., WEISS and MERCURE, JJ., concur.

Ordered that the order is affirmed, with costs.