■ MICHELLE PHILLIPS, Appellant, v GENERAL ACCIDENT INSURANCE COMPANY, Respondent. [646 NYS2d 851] —In an action for a judgment declaring the rights and duties of the parties with respect to an insurance policy, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), entered August 2, 1995, which, *inter alia,* denied her motion for summary judgment and declared that the plaintiff is not entitled to uninsured automobile coverage under the policy.

Ordered that the order and judgment is affirmed, with costs.

Insurance Law § 3420 (g) provides, in relevant part, that "[n]o policy or contract shall be deemed to insure against any liability of an insured because of * * * injuries to his or her spouse * * * unless express provision relating specifically thereto is included in the policy". This section does not merely authorize insurers to exclude interspousal liability, "it actually reverses the usual rule that exclusions must be clearly stated in the policy and substitutes a statutory presumption that interspousal liability is excluded from coverage unless an 'express provision relating specifically thereto is included in the policy' " *(Suba v State Farm Fire & Cas. Co.,* 114 AD2d 280, 283; *see, Schwartz v Lipkin & Son,* 76 AD2d 141).

Further, the uninsured automobile endorsement, under which the plaintiff seeks coverage, states in the definition section that "the term 'uninsured automobile' shall not include: (i) an automobile owned by the named insured or spouse". This definition, as well as the statutory presumption, precludes coverage to the plaintiff in the instant case.

The plaintiff's remaining contentions lack merit. Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.