■ In the Matter of GENERAL ACCIDENT INSURANCE COMPANY, Appellant, v GLORIA ELBAUM, Respondent. [653 NYS2d 659] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, General Accident Insurance Company appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered January 22, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The respondent, Gloria Elbaum, allegedly was injured when a car in which she was a passenger was involved in a single-vehicle accident after the driver, her husband Ralph Elbaum, fell asleep at the wheel. The car was owned by her father, Harry Sefton, who also was a passenger. Gloria Elbaum commenced an action against Sefton alleging, *inter alia,* that he was negligent in entrusting his car to Ralph Elbaum at a time when he knew that he was too tired to drive. The action was settled for $50,000, the full limit of the applicable insurance coverage purchased by Sefton. Alleging that this sum was insufficient to compensate her fully for her injuries, Gloria Elbaum filed a claim for underinsured motorist benefits with her and her husband's insurance company, the petitioner General Accident Insurance Company (hereinafter General Accident), and demanded arbitration. In the proceeding at bar, General

Accident sought a permanent stay of arbitration on the grounds, *inter alia,* that Gloria Elbaum's claim was barred by Insurance Law § 3420 (g). The Supreme Court dismissed the proceeding and we affirm.

Insurance Law § 3420 (g) provides: "No policy or contract shall be deemed to insure against any liability of an insured because of * * * injuries to his or her spouse or because of injury to * * * his or her spouse unless an express provision relating specifically thereto is included in the policy. This exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse". Here, the policy does not contain such an express provision. This statutory provision was enacted to prevent the possible fraud and collusion that might arise in actions wherein an injured spouse seeks to recover for injuries resulting from the negligence of an insured spouse *(see, Firemen's Ins. Co. v Allstate Ins. Co.,* 171 AD2d 186; *Schwartz v Lipkin & Son,* 76 AD2d 141). The last sentence of the provision was added in 1976 to overrule *State Farm Mut. Auto. Ins. Co. v Westlake* (35 NY2d 587), wherein the Court of Appeals applied the statutory exclusion to preclude liability insurance coverage on a third-party claim for contribution against an insured (joint tortfeasor) spouse of an injured plaintiff *(see,* 1976 McKinney's Session Laws of NY, at 2245; *see also, Firemen's Ins. Co. v Allstate Ins. Co., supra).* In a memorandum in support of the amendment, the Law Revision Commission stated:

"The proposed amendment to section 167 (3) [now 3420 (g)] does not violate [the original intent underlying the statute] because the chance of fraud and collusion is slight where a passenger-spouse is suing a third-party who brings a claim for relative contribution against a driver-spouse. The recovery of the injured spouse is not dependent upon proving the liability of the driver-spouse. Rather, it depends upon proof of the liability of an unrelated third party.

"Recent statutes (Vehicle and Traffic Law, § 310; Insurance Law, § 600) have expressed as their purpose to secure the right of innocent accident victims to be recompensed for their injuries despite inadequate financial responsibility of the tortfeasor to respond in damages. Applying section 167 (3) to contribution claims defeats this policy by making the driver-spouse a self-insurer and by making the ability of the third-party to collect a *Dole* judgment dependent on the driver-spouse's financial responsibility.

"Application of section 167 (3) to these facts perverts *Dole.*

*Dole* was never intended to prejudice the rights of plaintiffs vis-à-vis defendants. The practical effect of the preclusion, however, requires the injured spouse to either pay the *Dole* judgment out of family assets or to return a portion of her recovery." (1976 McKinney's Session Laws of NY, at 2245-2246; *see, Firemen's Ins. Co. v Allstate Ins. Co., supra.*)

Thus, by enacting the amendment, the Legislature expressed an intent to limit the application of Insurance Law § 3420 (g) to situations where, for example, there is a direct claim by one spouse against the other, or the alleged liability of the third-party nonspouse is purely vicarious *(see,* 1976 McKinney's Session Laws of NY, at 2246; *see, Firemen's Ins. Co. v Allstate Ins. Co., supra).* Here, since negligent entrustment is an independent tort *(see, Cone v Nationwide Mut. Fire Ins. Co.,* 75 NY2d 747), the liability of Sefton is not purely vicarious, and Insurance Law § 3420 (g) is not a bar to Gloria Elbaum's claim for underinsured motorist benefits. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.