■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v AGNES GRUND et al., Respondents. [662 NYS2d 845] —In an action for a judgment declaring that the plaintiff, State Farm Mutual Automobile Insurance Company, is not obligated to defend and/or indemnify the defendants Helmuth Grund, Bayer Leasing Corporation, and General Motors Acceptance Corporation in connection with an action entitled *Grund v Bayer Leasing Corp.,* which had been pending in the Supreme Court, Queens County, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated July 29, 1996, which denied its motion for summary judgment and granted the cross motions of the defendants Agnes Grund and Helmuth Grund and General Motors Acceptance Corporation for summary judgment declaring that the plaintiff is obligated to indemnify them in connection with the underlying action.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which directed the plaintiff to reimburse General Motors Acceptance Corporation for the full amount of the settlement paid to Agnes Grund, and substituting therefor a provision directing that the plaintiff reimburse General Motors Acceptance Corporation up to the limits of the subject insurance policy and (2) adding a provision thereto directing a hearing as to the reasonableness of the amount paid to Agnes Grund in settlement of her claims; as so modified, the order is affirmed, with one bill of costs to the respondents, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

On March 5, 1991, Agnes Grund was a passenger in a vehicle operated by her husband, Helmuth Grund, which was involved in an one-vehicle accident. The vehicle was owned by General Motors Acceptance Corporation (hereinafter GMAC) and leased to Helmuth Grund. The plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter State Farm) issued a policy of liability insurance naming Helmuth Grund and GMAC as insureds. The policy limits were $100,000 per person /$300,000 per occurrence.

Agnes Grund commenced an action against, *inter alia,* GMAC as the owner of the vehicle. GMAC commenced a third-party action against Helmuth Grund in which he was defended by State Farm. State Farm then commenced the instant action

seeking a declaration that it is not obligated to defend or indemnify GMAC or Helmuth Grund claiming that Insurance Law § 3420 (g) precluded such coverage. Thereafter, GMAC entered into a settlement with Agnes Grund, paying $300,000 in full satisfaction of her claims.

State Farm moved for summary judgment and GMAC and the Grunds cross-moved for summary judgment. We agree with the Supreme Court that GMAC and Helmuth Grund are entitled to indemnification in the underlying action. GMAC is an additional insured under the subject policy. Accordingly, the interspousal immunity provided by Insurance Law § 3420 (g) has no applicability as to GMAC since its rights under the policy are to be considered separately from the rights of Helmuth Grund (*Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120, 124-125; *Morgan v Greater N. Y. Taxpayers Mut. Ins. Assn.*, 305 NY 243). As to Helmuth Grund, State Farm's more than two-year delay in disclaiming coverage was unreasonable as a matter of law (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028). Moreover, its defense of Helmuth Grund in the underlying action served to mislead him (*Zappone v Home Ins. Co.*, 55 NY2d 131, 136).

The Supreme Court, however, improperly directed that State Farm reimburse GMAC the full amount of the settlement as State Farm's indemnification obligation is subject to the policy limits. Furthermore, State Farm is entitled to a hearing as to the reasonableness of the amounts GMAC paid in settlement (*see, Atlantic Cement Co. v Fidelity & Cas. Co.*, 63 NY2d 798, 801-802).

State Farm's remaining contentions are without merit. Bracken, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.