■ FEDERAL INSURANCE COMPANY, Respondent, v CATHERINE E. McCAMPBELL, Individually and as Administrator of the Estate of DONALD H. McCAMPBELL, Deceased, et al., Appellants. [668 NYS2d 627] —In an action for a judgment declaring that the plaintiff Federal Insurance Company has no obligation to defend or indemnify the estate of its insured, Donald H. McCampbell, against either the claim of his spouse, Catherine Evans McCampbell, or the indemnity claim of the defendant The Hertz Corporation under two insurance policies issued by it, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Burke, J.), dated October 4, 1996, which denied their respective motions for summary judgment declaring that the plaintiff is obligated to defend and indemnify them under the subject policies, and (2) so much of an order of the same court, dated January 24, 1997, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated October 4, 1996, is dismissed, as that order was superseded by the order dated January 24, 1997, made upon reargument; and it is further,

Ordered that the order dated January 24, 1997, is modified, on the law, by (1) deleting the provision thereof which adhered to so much of the earlier determination as denied those branches of the defendants' respective motions which were for summary judgment declaring that the plaintiff is obligated to defend and indemnify them under insurance policy No.

10734548-01 and substituting therefor a provision granting those branches of the defendants' respective motions, and (2) deleting the provision thereof which adhered to so much of the earlier determination as denied those branches of the defendants' respective motions which were for summary judgment declaring that the plaintiff is obligated to defend and indemnify them under insurance policy No. 10410174-01, and substituting therefor a provision granting those branches of the defendants' motions to the extent that policy No. 10410174-01 insures the defendants for "bodily injury" as defined in that policy; as so modified, the order dated January 24, 1997, is affirmed, the order dated October 4, 1996, is amended accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is obligated to (1) defend and indemnify the defendants under policy No. 10734548-01, and (2) defend and indemnify the defendants under policy No. 10410174-01 with respect to claims for "bodily injury"; and it is further,

Ordered that the appellants are awarded one bill of costs.

Donald H. McCampbell, a Florida domiciliary, obtained a motor vehicle liability insurance policy (policy No. 10734548-01) and an excess liability insurance policy (policy No. 10410174-01) from the plaintiff Federal Insurance Company (hereinafter Federal), which provided him with coverage anywhere in the United States and Canada. In December 1991, while these policies were in effect, Mr. McCampbell rented a vehicle from the defendant The Hertz Corporation (hereinafter Hertz) in Manhattan, and was subsequently involved in a single-vehicle accident in Suffolk County. Both Mr. McCampbell and his wife, who was a passenger in the car, were injured.

Mr. and Mrs. McCampbell commenced an action against Hertz, and Hertz interposed counterclaims against Mr. McCampbell, seeking contribution and indemnification. By stipulation, the counterclaims were converted to causes of action in a third-party complaint. Upon Mr. McCampbell's death from unrelated causes, his estate (hereinafter the Estate) was substituted as a party to these actions.

Federal then commenced the present action seeking a declaration, *inter alia,* that it is not required to defend and indemnify the Estate in the third-party action asserted by Hertz against the Estate since, in order to prove liability, Mrs. McCampbell must first prove that her late husband was negligent. Federal argued that pursuant to New York Insurance Law § 3420 (g) and Vehicle and Traffic Law § 388 (4), it is not required to defend or indemnify where a spouse is alleging

that she has been injured by the negligence of the other spouse. The defendants Catherine Evans McCampbell, individually and as administratrix of the Estate of Donald H. McCampbell and Island National Bank and Trust, as administrator of the Estate of Donald H. McCampbell, and Hertz separately moved for summary judgment and a declaration that Federal was required to defend and indemnify them, and the Supreme Court denied the motions. We disagree.

As the defendants established, the primary motor vehicle policy that Mr. McCampbell purchased, No. 10734548-01, was issued in Florida to a Florida resident. The record discloses that the table of contents of the policy lists Florida as the relevant State, and the ensuing chapters are described as: "Florida Vehicle Physical Damage Coverage", "Florida Uninsured Motorists Protection", "Florida Vehicle Liability Coverage", "Florida No-Fault Coverage", "Florida Policy Terms", and "Florida Signatures". Accordingly, it is clear that the parties understood that Florida law would apply to the enforcement of the policy (*see, e.g., New Amsterdam Cas. Co. v Stecker,* 3 NY2d 1, 4-5; *Government Empls. Ins. Co. v Sheerin,* 65 AD2d 10; *see also, Maryland Cas. Co. v Jacek,* 156 F Supp 43; *United States Mtge. & Trust Co. v Ruggles,* 258 NY 32; *American Home Assur. Co. v Employers Mut.,* 77 AD2d 421, 424-429, *affd* 54 NY2d 874; *Duffy v Liberty Mut. Ins. Co.,* 58 Misc 2d 855, 856; *Bradford v Utica Mut. Ins. Co.,* 179 Misc 919). The defendants do not deny that Florida law does not prohibit inter-spousal negligence suits of this sort (*see, e.g., Waite v Waite,* 618 So 2d 1360 [Fla]).

There is no merit to Federal's argument that Insurance Law § 5107 (a) overrides the traditional rule of *lex loci contractus.* In any event, that provision is by its express terms not relevant to the situation at bar.

Moreover, although policy No. 10410174-01 is denominated a "New York Excess Liability Coverage" policy, where the insurer undertook to do business in the State of Florida, delivered its excess liability policy to, and accepted premium payments from, a Florida domiciliary, its contract is subject to the laws of that State (*see, e.g., United States Mtge. & Trust Co. v Ruggles, supra; Bradford v Utica Mut. Ins. Co., supra).* Indeed, in an affirmation dated May 16, 1994, Federal's counsel admitted that both policies purchased by Mr. McCampbell were Florida policies.

Even assuming that New York law applies to the excess liability policy, Insurance Law § 3420 (g) provides that, in circumstances "where the injured spouse, to be entitled to re-

cover, must prove the culpable conduct of the insured spouse" no New York liability policy may "be deemed to insure against any liability of an insured because of * * * injuries to his * * * spouse * * * *unless* express provision relating specifically thereto is included in the policy" (emphasis supplied; *see also,* Vehicle and Traffic Law § 388 [4]). Significantly, and contrary to the conclusion of the Supreme Court, the excess policy here contains an express provision extending coverage for "bodily injury" to one spouse caused by the negligence of the other spouse, as follows: *"Covered person's or dependent's personal injury.* We do not cover any damages for personal injury for any covered person or their dependents where the ultimate beneficiary is the offending party or defendant. We also do not cover any damages for personal injury, *other than bodily injury,* for which you can be held legally liable to a family member or your spouse or for which a family member or your spouse can be held legally liable to you" (emphasis supplied).

Accordingly, under the express terms of the excess liability policy at issue here, Federal must defend and/or indemnify the Estate of its insured, Donald H. McCampbell, against the claim of his spouse, Catherine Evans McCampbell, and the indemnity claim of Hertz, to the extent that such claims seek to recover damages for bodily injury as defined in the excess liability policy (*see, e.g., Yankelevitz v Royal Globe Ins. Co.,* 59 NY2d 928; *Schwartz v Lipkin & Son,* 76 AD2d 141, 144).

Federal's remaining contentions are without merit. O'Brien, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.