■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v BETH M. PAGANO et al., Appellants. [674 NYS2d 719] —In a consolidated action for a judgment declaring that the plaintiff is not obligated to defend and/or indemnify the defendant Beth Marie Pagano in an underlying wrongful death action entitled *Renc v Pagano,* pending in the Supreme Court, Rockland County, under Index No. 4273/95, (1) the defendant Beth Marie Pagano appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered June 6, 1997, as granted that branch of the plaintiff's motion which was for summary judgment and determined that the plaintiff was not obligated to defend and/or indemnify her with respect to "any claims or actions brought by or on behalf of the Estate of Gary Pagano, Deceased, arising from the accident of August 2, 1993 for bodily injury and/or death", and (2) the defendant George Renc separately appeals from the same order.

Ordered that the appeal by the defendant George Renc is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by Beth Marie Pagano, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the plaintiff is not obligated to defend and/or indemnify Beth Marie Pagano in the underlying wrongful death action; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Gary Pagano was killed in an automobile accident which occurred on August 2, 1993. His wife, Beth Marie Pagano, was operating the vehicle in which he was a passenger at the time of the accident. The vehicle was owned by the decedent and insured by the plaintiff Government Employees Insurance Company (hereinafter GEICO). On or about July 24, 1995, George Renc, as administrator of the decedent's estate, commenced a wrongful death action against Beth Marie Pagano. Thereafter, by the filing of a summons and complaint on January 24, 1996, GEICO commenced an action for a judgment declaring that it was not obligated to defend and/or indemnify Beth Marie Pagano in the underlying wrongful death action under the terms of the policy and pursuant to Insurance Law § 3420 (g). We agree with the Supreme Court that GEICO is not obligated to defend and/or indemnify Beth Marie Pagano in the underlying action.

Contrary to the contention of Beth Marie Pagano, the underlying wrongful death action constitutes a claim which is subject to the operation of Insurance Law § 3420 (g). That statutory provision states in relevant part that "[n]o policy [of insurance] * * * shall be deemed to insure against any liability of an insured because of death of * * * his or her spouse * * * unless express provision relating specifically thereto is included in the policy. This exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse". It has been held that this provision "operates to exclude coverage for liability of the insured for personal injury * * * claims by the insured's spouse where the culpable conduct of the insured is in issue, unless the policy expressly declares such coverage" (*Yankelevitz v Royal Globe Ins. Co.,* 59 NY2d 928, 930; *see, Firemen's Ins. Co. v Allstate Ins. Co.,* 171 AD2d 186). As we previously observed, "[t]his section does not merely authorize insurers to exclude interspousal liability, 'it actually reverses the usual rule that exclusions

must be clearly stated in the policy and substitutes a statutory presumption that interspousal liability is excluded from coverage unless an "express provision relating specifically thereto is included in the policy"' (*Suba v State Farm Fire & Cas. Co.,* 114 AD2d 280, 283; *see, Schwartz v Lipkin & Son,* 76 AD2d 141)" (*Phillips v General Acc. Ins. Co.,* 230 AD2d 897). Since the underlying wrongful death claim falls within the statutory provision, and the policy issued by GEICO contains no express language specifically extending coverage to interspousal liability, that claim is exempt from coverage (*see, e.g., Phillips v General Acc. Ins. Co., supra; Schwartz v Lipkin & Son,* 76 AD2d 141, *supra; cf., Federal Ins. Co. v McCampbell,* 247 AD2d 359).

We find unpersuasive the contention of Beth Marie Pagano that GEICO should be estopped from denying coverage by reason of its lengthy delay in notifying her of its position (*see,* Insurance Law § 3420 [d]). While an insurer will be estopped from disclaiming coverage where it unreasonably delays in giving notice of the disclaimer (*see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Hanover Ins. Co. v Suffolk Overhead Door Co.,* 207 AD2d 428), such notice is not required where the policy never afforded the subject coverage in the first instance (*see generally, Zappone v Home Ins. Co.,* 55 NY2d 131; *Greater N. Y. Mut. Ins. Co. v Clark,* 205 AD2d 857; *Sedgwick Ave. Assocs. v Insurance Co.,* 203 AD2d 93; *Osohowsky v Romaniello,* 201 AD2d 473). Since the policy at issue never provided coverage for the underlying wrongful death claim, a prompt notice of disclaimer was not required (*see, Empire Mut. Ins. Co. v Fleischman,* 106 AD2d 295; *American Motorists Ins. Co. v Salvatore,* 102 AD2d 342). Finally, unlike the situation presented in *State Farm Mut. Auto. Ins. Co. v Grund* (243 AD2d 557), GEICO has not engaged in any conduct which would equitably estop it from denying coverage in this case (*see, Schiff Assocs. v Flack,* 51 NY2d 692, 699). Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.