■ ROBERT S. BLACK, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant, and MIRNA G. POWELL, Respondent. [711 NYS2d 15] —Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered July 28, 1998, which granted plaintiff's motion for a declaratory judgment that "Allstate Insurance Company's liability insurance coverage upon Mirna Geonette Powell, as driver, extend to the infant son and spouse of decedent Michael Powell" and denied Allstate's cross-motion for a declaration that no coverage exists, unanimously reversed, on the law, without costs, plaintiff's motion denied, defendant's cross-motion granted, and it is declared that, in accordance with Insurance Law § 3420 (g), there is no insurance coverage under Allstate's policy for the acts of Mirna Geonette Powell as they relate to plaintiff's claims for personal injury and wrongful death against her.

Mrs. Powell was the driver of a car insured by Allstate when it was struck by a stolen car which was being pursued by the Mount Vernon police. Her husband was killed, she suffered severe and permanent brain damage rendering her incompetent, and their son was seriously injured.

Insurance Law § 3420 (g) specifically excludes insurance coverage against any liability of an insured "because of death of or injuries to his or her spouse * * * unless express provision relating specifically thereto is included in the policy. This exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse." Contrary to the IAS Court's holding, in order to proceed on his claims in the underlying action, plaintiff must prove the culpable conduct, i.e., negligence, of defendant, the decedent's spouse. Nor is the court's reliance upon the EPTL, as applied in *Guilmette v Ritayik* (39 AD2d 339), appropriate.

Plaintiff's complaints about alleged unfairness in this case are well taken because of the unlikelihood of collusion between the decedent husband and his widow, who was rendered incompetent as the result of injuries incurred in the same accident, and the anachronistic nature of section 3420 (g). However, such complaints are best addressed to the Legislature, which is the body empowered to remedy any inequities in the statute (*see, Yankelevitz v Royal Globe Ins. Co.*, 88 AD2d 934, *affd* 59 NY2d 928).

While not passing on the merits of the issue, we call the Legislature's attention to the fact that the predecessor of sec-

tion 3420 (g) was originally enacted in 1939 after the Legislature enacted legislation (now General Obligations Law § 3-313) removing a married woman's disability at common law to bring suit against her husband for any wrongful or tortious act causing injury to her. The purpose of the statute was to protect insurers that had issued preexisting liability policies which would have covered causes of action not contemplated when the policies were issued. It was also intended to protect insurers from collusive interspousal claims. As a result of that now 61-year old statute, literally millions of married New York drivers are unaware that their automobile liability insurance policy, while providing coverage for every other passenger or person injured in an accident caused by the driver's negligence, does not provide any coverage when the injured passenger is their spouse. Concur—Rosenberger, J. P., Williams, Ellerin, Wallach and Andrias, JJ.