■ ALLSTATE INSURANCE COMPANY, Appellant, v EUGENE ROBERTS et al., Defendants, and JEANNETTE ROBINSON, as Administratrix of the Estate of LUCY MAE ROBERTS, Deceased, Respondent. [749 NYS2d 352] —Appeal from a judgment (denominated order) of Supreme Court, Orleans County (Punch, J.), entered October 17, 2001, which denied in part plaintiff's motion for summary judgment.

It is hereby ordered that the judgment so appealed from be

and the same hereby is modified on the law by further granting that part of the motion of plaintiff with respect to the wrongful death cause of action and granting judgment as follows:

It is adjudged and declared that plaintiff is not required to defend or indemnify defendant Eugene Roberts with respect to the wrongful death cause of action, and as modified the judgment is affirmed without costs.

Memorandum: Lucy Mae Roberts (decedent) was killed while she was a passenger in a vehicle driven by her husband, defendant Eugene Roberts (Roberts). It is undisputed that Roberts ran a stop sign and collided with a vehicle driven by defendant Orin E. Carbino. A representative of decedent's estate thereafter commenced an action against Roberts and Carbino, asserting a survival cause of action on behalf of decedent for conscious pain and suffering (*see* EPTL 11-3.2 [b]) and a wrongful death cause of action for the benefit of decedent's children (*see* 5-4.1 [1]). Carbino asserted a cross claim against Roberts, who is insured by plaintiff, Allstate Insurance Company (Allstate). Allstate then commenced this action seeking a declaration that it is not obligated to defend or indemnify Roberts with respect to the complaint in the underlying action or with respect to Carbino's cross claim therein. Supreme Court granted that part of the subsequent motion of Allstate for summary judgment seeking a declaration that it is not obligated to defend or indemnify Roberts with respect to the survival cause of action and otherwise denied the motion.

Addressing first the cross claim of Carbino, we conclude that the court properly determined that Allstate is required to defend and indemnify Roberts with respect to that cross claim. Insurance Law § 3420 (g) does not "preclude liability insurance coverage on a third-party claim for contribution against an insured (joint tortfeasor) spouse of an injured [person]" (*Matter of General Acc. Ins. Co. v Elbaum*, 236 AD2d 472, 473; *see* 1976 Mem of NY Law Rev Commn, 1976 Legis Doc No. 65 [G], reprinted in 1976 McKinney's Session Laws of NY, at 2245-2248).

We further conclude, however, that the court should have granted that part of the motion with respect to the wrongful death cause of action for the benefit of decedent's children. Thus, we modify the judgment by further granting that part of Allstate's motion with respect to that cause of action and granting judgment declaring that Allstate is not required to defend or indemnify Roberts with respect to that cause of action. There is no distinction in the plain language of Insurance Law

§ 3420 (g) between a survival cause of action and a wrongful death cause of action. Indeed, Insurance Law § 3420 (g) specifically excludes coverage with respect to *"any* liability of an insured because of *death of* or injuries to his or her spouse" *(id.* [emphasis added]; *see Black v Allstate Ins. Co.,* 274 AD2d 346; *Government Empls. Ins. Co. v Pagano,* 251 AD2d 452, 453-454).

All concur except Burns, J., who concurs in the result in the following memorandum.

Burns, J. (concurring): I concur in the result reached by the majority because Insurance Law § 3420 (g) specifically excludes coverage with respect to *"any* liability of an insured because of *death of* or injuries to his or her spouse" *(id.* [emphasis added]; *see Black v Allstate Ins. Co.,* 274 AD2d 346; *Government Empls. Ins. Co. v Pagano,* 251 AD2d 452, 453-454). As the majority notes, there is no distinction in the plain language of the statute between a survival cause of action for the conscious pain and suffering of decedent brought by her estate and a wrongful death cause of action pursuant to EPTL 5-4.1 brought by her estate for the benefit of her children. As the First Department noted in *Black* (274 AD2d at 347), section 3420 (g), which was enacted over 60 years ago in part "to protect insurers from collusive interspousal claims," results in "literally millions of married New York drivers [being] unaware that their automobile liability insurance policy, while providing coverage for every other passenger or person injured in an accident caused by the driver's negligence, does not provide any coverage when the injured passenger is their spouse." Insurance Law § 3420 (g) was recently amended to require insurance carriers to offer their insureds supplemental spousal liability insurance for an additional premium *(see* L 2002, ch 584), thereby allowing insureds the opportunity to fill that gap in coverage. However, where such supplemental spousal coverage has not been purchased, Insurance Law § 3420 (g) continues to exclude a wrongful death cause of action pursuant to EPTL 5-4.1 on behalf of the children of the deceased spouse even though that section of the Insurance Law would not preclude coverage for such children if they were injured in the same accident. Nevertheless, as the First Department further noted in *Black* (274 AD2d at 346), "complaints about alleged unfairness [based on Insurance Law § 3420 (g)] * * * are best addressed to the Legislature, which is the body empowered to remedy any inequities in the statute." Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.