■ METROPOLITAN GROUP PROPERTY, Respondent, v YOUNG S. KIM et al., Respondents, and ELMER GLICK, Appellant, et al., Defendant. [7 NYS3d 385]—

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Young S. Kim, pursuant to a policy of automobile liability insurance, in an underlying action entitled *Kim v Kim*, pending in the Court of Common Pleas, Lancaster County, Pennsylvania, under index No. CI-12-11058, the defendant Elmer Glick appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated June 18, 2013, as denied his cross motion, in effect, for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendant Young S. Kim with respect to his cross claim in the underlying action, granted that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the defendant Young S. Kim with respect to his cross claim in the underlying action, and declared that the plaintiff is not obligated to defend and indemnify the defendant Young S. Kim with respect to his cross claim in the underlying action.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the defendant Elmer Glick's cross motion, in effect, for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendant Young S. Kim with respect to the defendant Elmer Glick's cross claim in the underlying action is granted, that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the defendant Young S. Kim with respect to the defendant Elmer Glick's cross claim in the underlying action is denied, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an appropriate amended judgment, inter alia, declaring that the plaintiff is obligated to defend and indemnify the defendant Young S. Kim with respect to the defendant Elmer Glick's cross claim in the underlying action.

The defendant Sue Kim (hereinafter Sue) allegedly was injured in a two-car accident that occurred in Pennsylvania. Sue was a passenger in an automobile driven by her husband, the defendant Young S. Kim (hereinafter Young), and the other vehicle involved in the accident was operated by the defendant Elmer Glick. Sue commenced an action in Pennsylvania against Young, Glick, and Amos R. Beiler, who owned the property at the intersection where the accident occurred. Glick asserted a cross claim against Young, who is insured by the plaintiff Metropolitan Group Property and Casualty and Insurance Company (hereinafter Metropolitan).

Metropolitan commenced this action seeking a judgment declaring that it is not obligated to defend and indemnify Young with respect to the complaint in the underlying action or with respect to Glick's cross claim. Metropolitan moved for summary judgment and, as is relevant here, Glick cross-moved, in effect, for summary judgment declaring that Metropolitan is obligated to defend and indemnify Young with respect to his cross claim.

The Supreme Court, inter alia, granted Metropolitan's motion, denied Glick's cross motion, and declared that Metropolitan is not obligated to defend and indemnify Young with respect to Sue's complaint or Glick's cross claim in the underlying action.

Pursuant to Insurance Law § 3420 (g), "[i]n the absence of an express provision in an insured's policy, a carrier is not required to provide insurance coverage for injuries sustained by an insured's spouse" (*State Farm Mut. Auto. Ins. Co. v Harkins*, 30 AD3d 502, 502-503 [2006]; *see* Insurance Law § 3420 [g]). Insurance Law § 3420 (g) "was enacted to prevent the possible fraud and collusion that might arise in actions wherein an injured spouse seeks to recover for injuries resulting from the negligence of an insured spouse" (*Matter of General Acc. Ins. Co. v Elbaum*, 236 AD2d 472, 473 [1997]). The chance of fraud and collusion, however, "is slight where a passenger-spouse is suing a third-party who brings a claim for relative contribution against a driver-spouse [as] [t]he recovery of the injured spouse is not dependent upon proving the liability of the driver-spouse" (Mem of Law Rev Commn, 1976 NY Legis Doc No. 65 [G], 1976 McKinney's Session Laws of NY at 2245-2246; *see General Acc. Ins. Co. v Elbaum*, 236 AD2d at 473). Thus, Insurance Law § 3420 (g) does not "preclude liability insurance coverage on a third-party claim for contribution against an insured (joint tortfeasor) spouse of an injured [person]" (*General Acc. Ins. Co. v Elbaum*, 236 AD2d at 473; *see Allstate Ins. Co. v Roberts*, 299 AD2d 820, 821 [2002]).

Here, although Insurance Law § 3420 (g) precludes liability insurance coverage of Young vis-vis Sue's complaint against him in the underlying action, the statute does not preclude coverage of Young with respect to Glick's cross claim (*see Allstate Ins. Co. v Roberts*, 299 AD2d at 821). The language of Metropolitan's policy endorsement providing coverage for third-party claims should be broadly construed to apply to Glick's cross claim here. Therefore, contrary to Metropolitan's contention, Metropolitan is required to defend and indemnify Young with respect to Glick's cross claim in the underlying action.

Accordingly, the Supreme Court should have granted Glick's cross motion, in effect, for summary judgment declaring that Metropolitan is obligated to defend and indemnify Young with respect to Glick's cross claim in the underlying action, and denied that branch of Metropolitan's motion which was, in effect, for summary judgment declaring that it is not so obligated. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Rockland County, for the entry of an appropriate amended judgment, inter alia, declaring that Metropolitan is obligated to defend and indemnify Young with respect to Glick's cross claim in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Dillon, Hall and Miller, JJ., concur.