Matter of Government Employees Ins. Co. v Avila (2024 NY Slip Op 03481)

Matter of Government Employees Ins. Co. v Avila

2024 NY Slip Op 03481

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-03324
 (Index No. 622607/21)

[*1]In the Matter of Government Employees Insurance Company, appellant, 
v
Awilda Avila, respondent.

Katie A. Walsh, Melville, NY (Andrew Weber of counsel), for appellant.
Bragoli & Associates, P.C., Melville, NY (Michael R. Sorce of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Suffolk County (Linda Kevins, J.), dated February 6, 2023. The order, insofar as appealed from, denied that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is granted.
The respondent, Awilda Avila, allegedly was injured in an accident that occurred in New York when she was a passenger in a vehicle registered to and driven by her spouse, who lost control of the vehicle, causing it to strike a parked vehicle and overturn. After the petitioner, Government Employees Insurance Company (hereinafter GEICO), disclaimed coverage based on a spousal exclusion in its policy, Avila served a demand for arbitration of her claim for uninsured motorist benefits. GEICO commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration. The Supreme Court, among other things, denied that branch of the petition. GEICO appeals.
Pursuant to Insurance Law § 3420(g)(1), "no policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy." "'[I]n the absence of an express provision in an insured's policy, a carrier is not required to provide insurance coverage for injuries sustained by an insured's spouse'" (Metropolitan Group Prop. v Kim, 127 AD3d 943, 945, quoting State Farm Mut. Auto. Ins. Co. v Harkins, 30 AD3d 502, 502-503; see Insurance Law § 3420[g]). This provision creates "a statutory presumption that interspousal liability is excluded from coverage unless an express provision relating specifically thereto is included in the policy" (Phillips v General Acc. Ins. Co., 230 AD2d 897, 897 [internal quotation marks omitted]; see Matter of American Mfrs. Mut. Ins. Co. v Barlow, 15 AD3d 477, 477). Moreover, here, the language of GEICO's policy provides that its liability coverage does not apply "[t]o any insured for bodily injury to the spouse of that insured." Thus, Avila's uninsured motorist claim was precluded (see Matter of American Mfrs. Mut. Ins. Co. v Barlow, 15 AD3d at 477).
Accordingly, the Supreme Court should have granted that branch of the petition which was to permanently stay arbitration (see Matter of Allstate Ins. Co. v Marke, 121 AD3d 1107, 1108-1109).
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court